In re Vivian RIGGINS, Debtor.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Vivian RIGGINS and James J. O'Connell, Trustee, Defendants.

Bankruptcy No. 81–03113G.
Adv. No. 82–0737G.

United States Bankruptcy Court, E. D. Pennsylvania.

June 7, 1982.

11 U.S.C. § 361(g).

Esther L. Hornik, Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff, Federal Nat. Mortg. Ass'n.

Levi W. Evans, III, Philadelphia, Pa., for defendant/debtor, Vivian Riggins.

James J. O'Connell, Philadelphia, Pa., trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the mortgagee of the debtor's residence is entitled to relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") to permit it to proceed with mortgage foreclosure. We conclude that the mortgagee is not entitled to such relief pursuant to § 362(d) because we find that the debtor has an equity in the property and that the interest of the mortgagee is adequately protected by the debtor's continued periodic payments to the mortgagee, directly and through her chapter 13 plan.

The facts of the instant case are as follows:[1] In July of 1976, Ernest Riggins executed a note and mortgage for the property located at 7922 Pickering Avenue, Philadelphia, Pennsylvania, to National Homes Acceptance Corporation. The principal amount of this mortgage was $20,900. On September 3, 1976, National Homes Acceptance Corporation assigned that mortgage to the Federal National Mortgage Association ("the mortgagee"). The title to the mortgaged property was, thereafter, transferred from Ernest Riggins to Vivian Riggins ("the debtor") and Napier Riggins. The latter has since left the debtor leaving the debtor in sole possession of the property.

1. This opinion constitutes the findings of fact and the conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

On August 5, 1981, the debtor, filed a petition for an adjustment of her debts under chapter 13 of the Code. Thereafter, on March 26, 1982, the mortgagee filed a complaint for relief from the automatic stay provisions of § 362(a) of the Code to permit it to proceed with an action in mortgage foreclosure against the debtor's property.

At the trial herein, the mortgagee offered evidence that the total amount owed to it from the debtor is in the amount of $22,257.28. This figure includes the principal amount of $19,653.43, as well as $2,358.40 due in interest from February, 1981, through March, 1982, $128.11 for insurance and taxes and $117.32 for late charges. The mortgagee also offered evidence in the form of testimony of an expert real estate appraiser. Based on only an exterior inspection conducted on April 16, 1982, the mortgagee's appraiser found the fair market value of the property to be $20,000.

The debtor offered evidence in rebuttal that the fair market value of the property is $25,000.00. The debtor's expert appraiser reached this figure after conducting an interior as well as an exterior inspection of the premises on May 14, 1982. The debtor also testified that she has made numerous home improvements costing approximately $5,000.00 since 1976. In addition, the debtor stated that she has made two recent payments to the mortgagee since obtaining permanent employment. The debtor added that she has complied with and will continue to comply with her Chapter 13 plan and also will continue to make payments to the mortgagee outside of the plan to remain current with the mortgage.

In light of the evidence presented herein, we are of the opinion that the mortgagee is not entitled to relief from the stay. Section 362(d) of the Code sets forth the grounds for such relief from the stay. The provisions of this section are as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, on conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest or

(2) with respect to a stay of an act against property if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Upon analyzing the issue of the debtor's equity in the property, we conclude that the fair market value of the property is closer to the figure of $25,000.00, supplied by the debtor's appraiser, than the figure of $20,000.00 given by the mortgagee's appraiser. We conclude that, notwithstanding the validity of an exterior-based appraisal, an appraisal based on an external as well as an internal inspection is deserving of more weight when determining the true value of property than an appraisal based on an exterior inspection alone. This conclusion is exemplified by the fact that various home improvements, like those in the instant case, can increase the value of the property. Such improvements at times can only be ascertained by a complete inspection of the premises, both exterior and interior. Thus, we conclude that the fair market value of the debtor's residence is $25,000.00. Furthermore, the figure of $20,000.00 given by the mortgagee's appraiser as the fair market value of the premises was based on a comparison of that property with six other properties having values of $30,000.00; $31,000.00; $31,500.00; $17,108.00; $27,500.00; and $20,500.00. The appraiser stated that all of the comparable homes except the first one were row homes similar to the subject property. All of the comparables except two were considerably higher in value than the value attributed to the debtor's property by the appraiser. Given that fact, we conclude that the mortgagee's appraiser has given a somewhat deflated value for the debtor's residence.

In addition, we find that the total amount owed to the mortgagee should be

reduced by the amount of the post-petition payments made by the debtor on February 12, 1982, and April 2, 1982. Based on our findings, we conclude that the debtor has an equity of about $3,218.00 over the mortgage debt of $21,781.94. Therefore, we find that the mortgagee is not entitled to relief from the stay pursuant to § 362(d)(2) of the Code.

Furthermore, we conclude that the debtor has exhibited good faith in the continuation of her periodic payments both through her chapter 13 plan and to the mortgagee outside of that plan. Through such periodic payments and the fair market value of the property we conclude that there is adequate protection of the mortgagee's interest and, thus, that the mortgagee is not entitled to relief from the stay pursuant to § 362(d)(1).

