**In re Vivian RIGGINS, Debtor.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

**v.**

**Vivian RIGGINS and James J. O'Connell, Trustee, Defendants.**

**Bankruptcy No. 81–03113G.**
**Adv. No. 82–0737G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 9, 1982.

Esther L. Hornik, Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff, Federal Nat. Mortgage Ass'n.

Levi W. Evans, III, Philadelphia, Pa., for defendant/debtor, Vivian Riggins.

---

James J. O'Connell, Philadelphia, Pa., trustee.

## MEMORANDUM OPINION [1]

EMIL F. GOLDHABER, Bankruptcy Judge:

The instant case is before us on the mortgagee's motion for reconsideration of our order of June 7, 1982, denying the mortgagee's request for relief from the automatic stay. We conclude that the mortgagee's motion for reconsideration should also be denied.

■ The first ground raised by the mortgagee in support of its motion for reconsideration is its assertion that our finding that the debtor had equity in the property in question was in error. To support that contention, the mortgagee asserts that there are two additional mortgages totaling over $6,000.00 on that property which eliminates the equity of $3,218.00 which we found the debtor to have in that property.[2] The mortgagee admits, however, that no evidence was presented at the trial herein with respect to either of those mortgages.[3] The burden of proof on the issue of equity is on the party seeking relief from the stay [4] and, therefore, it was incumbent on the mortgagee to present this evidence at the time of the trial or risk failing to sustain its burden on that issue. In addition, there was no allegation by the mortgagee that the evidence of the other mortgages was not available at the time of trial and, therefore, there is no ground for relief from our order under Rule 60(b) of the Federal Rules of Civil Procedure based on newly discovered evidence.[5] Consequently, we conclude that, based on the evidence presented at the trial of this case, the debtor does have equity in the property and the mortgagee is, thus, not entitled to relief from the stay under § 362(d)(2).

The second ground raised by the mortgagee in its motion for reconsideration is that the debtor failed to sustain her burden of establishing that the mortgagee's interest was adequately protected under § 362(d)(1) of the Code. The mortgagee asserts that, although the debtor testified that she had made two payments to the trustee under her plan, the debtor in fact made only one such payment as evidenced by an affidavit of the trustee to that effect.[6] However, the trustee did not testify at the trial herein nor was any evidence offered at that time to contradict the debtor's testimony. Since the evidence on which the mortgagee seeks to rely is evidence which was available at the time of trial, we conclude that that evidence may not be offered at this time.[7]

■ The mortgagee asserts, however, that, even without the trustee's affidavit, there was insufficient evidence presented at trial by the debtor to support our conclusion that the mortgagee's interest was adequately protected. In this respect, the mortgagee states that the evidence presented at trial was that the debtor had made only two payments to the trustee and had made only two current mortgage payments to the mortgagee since the filing of her chapter 13 petition (a period of 10 months). However, the debtor also testified that she had been left by her husband without any means of support and that, since she had obtained employment, she had been making the required payments and would continue to do so. Given these factors and the equity

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See* Motion for Reconsideration ¶'s 10 and 11 (filed June 17, 1982). *See* also, *In re Riggins*, 20 B.R. 608, at 609 (Bkrtcy.E.D.Pa.1982).

3. *See* Memorandum of Law attached to Motion for Reconsideration at 2 (filed June 17, 1982).

4. 11 U.S.C. § 362(g)(1).

5. Rule 60(b) is made applicable herein by Rule 924 of the Rules of Bankruptcy Procedure and provides, in part, that the court may relieve a party from a final judgment or order based on "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial."

6. *See* Exhibit B attached to Motion for Reconsideration (filed June 17, 1982).

7. *See* note 5 and accompanying text, *supra.*

cushion in her residence, we conclude that the mortgagee's interest in that property is presently being adequately protected. We will, consequently, deny the mortgagee's motion for reconsideration.