In re WEATHERSFIELD FARMS, INC., Debtor.

FIRST INTER-STATE BANK f/k/a Inter-State Trust Company also f/k/a First National Bank of White River Junction, Plaintiff,

v.

WEATHERSFIELD FARMS, INC., Debtor.

Bankruptcy No. 80–00191.

United States Bankruptcy Court, D. Vermont.

May 11, 1981.

See also Bkrtcy., 11 B.R. 148.

Gary T. Brooks, Norwich, Vt., for First Inter-State Bank.

Michael J. McGarry, Burlington, Vt., for debtor.

Raymond Phelan, President of the debtor.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Second Motion of First Inter-State Bank to Dismiss the Petition filed by the Debtor under Chapter 11 of the Bankruptcy Code came on for hearing, after notice, on April 17, 1981.

The Bank's Second Motion to Dismiss is supported by Memorandum which indicates that under § 1112 of the Bankruptcy Code the Court may dismiss a case under Chapter 11 for "cause" which includes the continuing loss to or dimunition of the estate and the absence of a reasonable likelihood of rehabilitation; the inability to effectuate a plan and unreasonable delay by the debtor that is prejudicial to creditors.

After hearing on confirmation this Court entered an Order on March 17, 1981 denying confirmation and in its Memorandum supporting the Order, it observed the following:

> "The plan has not been accepted by the impaired creditor which vigorously opposes confirmation. It does not comply with the compulsory provisions of Section 1123 of the Bankruptcy Code. The Court is now convinced that the plan has not been proposed in good faith but rather to thwart the efforts of the Bank in completing its State Foreclosure action." 14 B.R. 574.

At the hearing on the Second Motion of the Bank to Dismiss the Debtor filed a New Plan for Reorganization which was objected to by the Bank in open court and it was followed by a formal Objection filed on April 25, 1981.

The Debtor argued at the hearing on the Motion for Dismissal that § 1112(b) of the Bankruptcy Code does not provide for the denial of the right by the Debtor to file another plan. The Debtor is correct in this assumption but it is still required to file a plan in good faith. A Bankruptcy Court has the inherent power and duty under § 1112(b) of the Code to inquire into the good faith of a Debtor in seeking Chapter 11 relief, regardless of whether the Petition filed is voluntary or involuntary. *In re G–2 Realty Trust,* 6 B.R. 549, 2 C.B.C.2d Series 1344. See also *In re Tolco Properties, Inc.,* 6 B.R. 482, 3 C.B.C.2d Series 100 to the effect that a debtor's lack of good faith constitutes "cause" for dismissal of the debtor's Chapter 11 case within the meaning of § 1112(b) of the Code.

This Court, in reviewing the original Plan, and after hearing, came to the conclusion from the testimony adduced that the Plan was visionary, impractical and speculative. After a careful review of the Debtor's New Plan for Reorganization filed on April 17, 1981 the same conclusion is reached with respect to it as was reached concerning the first Plan for Reorganization. It is of no small significance that the Debtor awaited the hearing on the Second Motion of the Bank for Dismissal before it filed a New Plan for Reorganization. This makes it more apparent that the only motive of the Debtor in this delaying tactic is to avoid the consequences of the foreclosure action in State Court. In *G–2 Realty,* supra, the Court was satisfied that the only effect of filing in Chapter 11 was to deprive the bank of its right to foreclose which otherwise would have been available to it. In dismissing the Chapter 11 Proceeding the following language was used, 6 B.R. at 554, at page 1351 of 2 C.B.C. 2nd Series, viz:

> "This Court is satisfied that the mere attempt to avoid a foreclosure sale in these circumstances is not the intent behind Chapter 11 of the Code nor does it demonstrate the required good faith in behalf of G–2 Realty. See, *In re Northland Construction Co.,* supra, 560 F.2d 756 at 760. Therefore, I find that G–2 Realty is not the type of entity properly within the contemplation of Chapter 11, and that to extend the benefits of that chapter to a debtor in such circumstances would be an abuse of the purposes of the Code. Thus, the motion to dismiss should be GRANTED and the involuntary petition DISMISSED."

See also *In re Nancant, Inc.,* (District of Mass. 7 B.C.D. 410–413, 8 B.R. 1005) where the Bankruptcy Judge in a case having one nominal unsecured creditor (which is similar to the present case) dismissed the Chapter 11 Proceeding with the following comment at page 413, 8 B.R. at 1009:

> "Nevertheless, where only one nominal unsecured creditor stands to benefit from a Chapter 11 reorganization, the debtor's economic future is sketchy, at best, and the only purpose to be served by a proceeding in this court is a ruling on whether an abatement of real estate taxes as-

sessed is warranted, all of these adverse factors lead me to the conclusion that this petition was not filed in good faith."

In sum, this Court concludes that the Debtor's Second Plan of Reorganization is being filed in bad faith with an inability on the part of the Debtor to effectuate a Plan, thereby causing unreasonable delay by the Debtor to the prejudice of the Bank. Therefore, dismissal is warranted for cause under § 1112(b) of the Bankruptcy Code.

### ORDER

Upon the foregoing it is

ORDERED that the Petition of the Debtor filed under Chapter 11 on August 29, 1980 and this proceeding are hereby DISMISSED.