In re The NATIONAL SUGAR REFIN-
ING COMPANY, Debtor.

The NATIONAL SUGAR REFINING
COMPANY and Bankers Trust
Company, Plaintiffs,

v.

UNITED STATES BRANDS CORP.,
f/k/a U. S. Sugar Co., Inc.,
Defendant.

Bankruptcy No. 81 B 11756.
Adv. No. 82–5270–A.

United States Bankruptcy Court,
S. D. New York.

July 30, 1982.

Moses & Singer, New York City, for Bankers Trust Co.

Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for debtor, National Sugar Refining Co.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y., for U. S. Brands Corp.

## DECISION AND ORDER ON MOTION TO STAY PROCEEDINGS

EDWARD J. RYAN, Bankruptcy Judge.

On September 3, 1981, National Sugar Refining Company ("National") filed a petition under Chapter 11 of the Bankruptcy Code (the "Code") and was continued in possession of its property and in operation of its business pursuant to Section 1108 of the Code. Bankers Trust Company (the "Bank") was a creditor of National as of the filing date in the approximate amount of $23,000,000. The Bank claims that said indebtedness is secured by a security interest in and upon personal property of National, including National's contract rights, inventory, accounts, and proceeds thereof.

On February 16, 1982, National and the Bank[1] commenced the within adversary proceeding against United States Brands Corp., f/k/a U. S. Sugar Co., Inc. ("U. S. Sugar"), seeking an order awarding judgment against U. S. Sugar on account of sugar shipped and received post-petition, sugar shipped and received pre-petition, and awarding reasonable costs and attorneys' fees to the Bank and National.

U. S. Sugar answered the complaint on March 17, 1982, in which it asserted ten "Affirmative Defense[s] and Counter-

---

1. This court is concerned with and has questioned the practice exercised in this case of the secured party's assuming control of the business and court proceedings of the debtor in possession. However, since the enactment of the Code, the court no longer assumes supervisory control over cases; the court adjudicates controversies brought before it. It is the function of the United States Trustee for the Southern District of New York to administer cases; therefore, the issue of Bankers' apparent control of the debtor in possession is left for the United States Trustee to resolve. *See*, 28 U.S.C. § 586(a)(6).

claim[s]" and one more "Affirmative Defense" against National and Bankers, and specifically admitted subject matter jurisdiction and proper venue in this court. Following the service of National's reply to U. S. Sugar's answer, a status conference was held on June 16, 1982, to resolve various discovery problems. Prior to the time scheduled at the June 16, 1982 hearing for the depositions of U. S. Sugar witnesses, U. S. Sugar noticed a motion to stay all proceedings in this adversary proceeding pending the expiration or modification of the stay imposed by the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (hereinafter "*Marathon*").

In a plurality opinion written by Mr. Justice Brennan, the Supreme Court held unconstitutional that section of the Bankruptcy Reform Act upon which jurisdiction in the instant proceeding is based, viz. 28 U.S.C. § 1471. However, the Supreme Court stayed its judgment until October 4, 1982, to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Marathon*, —— U.S. at ——, 102 S.Ct. at 2880.

The issue before this court is whether it can proceed with the adversary proceeding before it, specifically the directions for discovery, in view of the decision in *Marathon*.

■ The general rule is that a party's consent to jurisdiction cannot confer upon a court subject matter jurisdiction where the court does not otherwise possess it. An objection to subject matter jurisdiction usually cannot be waived. *Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944); *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).

However, as pointed out by Justice White, with whom the Chief Justice and Justice Powell joined, dissenting in *Marathon*,

"[T]he Court does not condemn as inconsistent with Article III the assignment of these functions—i.e., those within the summary jurisdiction of the old bankruptcy courts—to a non-Article III judge, since . . . they lie at the core of the federal bankruptcy power . . . . They also happen to be functions that have been performed by referees or bankruptcy judges for a very long time and without constitutional objection. Indeed we approved the authority of the referee to allow or disallow claims in *Katchen v. Landy*, 382 U.S. 323 [86 S.Ct. 467, 15 L.Ed.2d 391] (1966)."

Such functions also have included the determination of controversies relating to the debtor's estate where the defendant has consented to jurisdiction. *See, Cline v. Kaplan, supra; MacDonald v. Plymouth Trust Co.*, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093 (1932); Sections 2a(7) and 23 of the Bankruptcy Act of 1898.

■ As recognized by the Chief Justice in a separate dissenting opinion, the plurality opinion in *Marathon* was limited to cases where the litigants do not consent to the bankruptcy court's jurisdiction.

"Rather, the Court's holding is limited to the proposition stated by Justice Rehnquist in his concurrence in the judgment—that a 'traditional' state common-law action, not made subject to a federal rule of decision and related only peripherally to an adjudication of bankruptcy under federal law, must, *absent the consent of the litigants*, be heard by an 'Article III court' if it is to be heard by any court or agency of the United States." (emphasis added)

In the instant case this court has jurisdiction over the controversy because it relates to property of the debtor's estate where the defendant has consented to jurisdiction. Where litigants have consented to the jurisdiction of the court and the non-debtor party has asserted counterclaims in an adversary proceeding, this court can and does exercise its jurisdiction over the proceeding based on defendant's consent.

Furthermore, since the Supreme Court stayed all effect of its decision in *Marathon* to allow a smooth and orderly administra-

tion of the bankruptcy laws, this court will exercise the full breadth of its authority under Section 1471 during the interim period.

The motion for a stay is denied. It is so ordered.