**In re CASCADE OIL COMPANY, INC., Debtor.**

**LEASING SERVICE CORPORATION, Plaintiff,**

v.

**Donald VAALE, M. R. Vaale, Herbert Fichtner, Irene E. Fichtner, Larry Kirkland, Billie Kirkland, David M. Holbrook and Pamela Holbrook, Defendants.**

Bankruptcy No. 82–10635.
Adv. No. 82–5784–A (S.D.N.Y.) EJR.

United States Bankruptcy Court,
S. D. New York.

Aug. 6, 1982.

---

Sol D. Bromberg, New York City, for plaintiff, Leasing Service Corp.

Booth, Lipton & Lipton, New York City, for defendants.

### DECISION ON MOTION TO REMAND AND ON APPLICATION FOR REMOVAL AND TRANSFER

EDWARD J. RYAN, Bankruptcy Judge.

On May 7, 1982, Cascade Oil Company, Inc. ("Cascade" or the "debtor") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas, Wichita Division. Prior thereto, on or about December 28, 1981, the debtor, as lessee, entered into an equipment leasing agreement with North Star Pipe & Supply Co. ("North Star"). Simultaneously, North Star assigned its rights under the leasing agreement to Leasing Service Corporation ("Service"). As part of the leasing transaction, the above-captioned defendants personally guaranteed the debtor's obligations under the lease agreement. Cascade allegedly defaulted in making payment under the terms of the lease and so on May 20, 1982, Service commenced an action in the District Court for the Southern District of New York against the abovenamed defendants on their guarantees.

By application and motion dated June 21, 1982, the abovenamed defendants and the debtor jointly removed the district court action to this court pursuant to 28 U.S.C. § 1478 and sought transfer of the action to the United States Bankruptcy Court for the District of Kansas, Wichita Division. Subsequently, on June 23, 1982, Service commenced an adversary proceeding against the debtor in the Wichita Bankruptcy Court seeking to lift the automatic stay and reclaim the leased property which is the subject matter of the within action. Finally, by order to show cause dated June 25, 1982, Service sought remand of the within action pursuant to 28 U.S.C. § 1478(b) to the United States District Court for the Southern District of New York.

The relevant sections for purposes of determining the motions to transfer venue and remand to the District Court are 28 U.S.C. § 1478(a) and 28 U.S.C. § 1471(b) and (c). The former section provides,

"A party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action."

28 U.S.C. § 1478(a).

Section 1471(b) and (c) provides the bankruptcy court with jurisdiction over all civil proceedings arising under or related to cases under title 11.

According to the defendants, the bankruptcy court has jurisdiction over the with-

in action because the outcome will allegedly affect the debtor's estate and is directly related to the Chapter 11 case.

However, in a plurality opinion written by Mr. Justice Brennan, the Supreme Court recently held unconstitutional that section of the Bankruptcy Reform Act upon which jurisdiction in the instant proceeding is based, viz. 28 U.S.C. § 1471. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (hereinafter *"Marathon"*).

It is true that the Supreme Court stayed its judgment until October 4, 1982, to "afford congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Marathon*, —— U.S. at ——, 102 S.Ct. at 2880.

However, since the purpose of the *Marathon* stay is to allow a smooth and orderly administration of the bankruptcy laws, the stay is not applicable to those cases where deflection of jurisdiction would not impair the administration of the bankruptcy process.

In the underlying proceeding herein, no action has as yet been taken that would involve the administration of the bankruptcy courts. The court has before it a motion to transfer venue and a motion to remand a previously removed case. Neither motion so intimately involves the bankruptcy processes as to require retention of jurisdiction. Similarly, there has been no consent to jurisdiction such as to warrant retention.

Finally, the issues involved in the underlying proceeding are not ones traditionally reserved to the bankruptcy courts. *See, In re The National Sugar Refining Company*, 22 B.R. 279 (Ryan, Bkrtcy.S.D.N.Y.1982).

For all of the above reasons, this court does not find the *Marathon* stay applicable in the instant case. The plurality decision finding Section 1471 unconstitutional requires this court to remand the instant pro-ceeding to the United States District Court for the Southern District of New York.

The motion to transfer venue is denied.

The motion to remand this case to the District Court for the Southern District of New York is granted.

It is so ordered.