In re Michael Steven MEEKER, Debtor.

Michael Steven MEEKER, et al., Plaintiffs,

v.

LIVENGOOD REAL ESTATE CO., et al., Defendants.

Adv. No. 1–81–0160.
Bankruptcy Nos. 1–80–00148, C–1–82–365.

United States District Court,
S. D. Ohio, W. D.

Aug. 16, 1982.

Stephen H. Olden, Legal Aid Soc. of Cincinnati, Robert A. Goering, Cincinnati, Ohio, for Michael and Sharon Meeker.

Morton I. Rosenbaum, Cincinnati, Ohio, for Livengood.

Robert Gensler, Cincinnati, Ohio, for Bernard P. Weil.

Mark Bubenzer, Florence, Ky., for Kevin O'Brien & Abey Pest Control.

## OPINION

SPIEGEL, District Judge.

This is a bankruptcy appeal from an order of The Honorable Leonard C. Gartner, Bankruptcy Judge, overruling appellant's motion to dismiss and granting appellees' demand for a jury trial, and fixing completion date for discovery, entered February 24, 1982.

Plaintiff-appellees sought relief under the Bankruptcy Code by filing a Wage Earner's Plan pursuant to Chapter 13. According to defendant-appellant, the bankrupt (plaintiff-appellee) and his wife filed an action against defendant-appellant, Livengood Real Estate Company, et al., claiming damages, misrepresentation and fraud. At a pretrial conference, defendant-appel-

lant "objected to the forum of the Bankruptcy Court for various reasons, and then orally moved that the action be dismissed on the basis that the Bankruptcy Court, as presently created under Public Law No. 95–598, and 28 U.S.C. § 1471, was an unconstitutionally created court, not conforming to the Constitution of the United States, having been given general jurisdiction and broad judicial powers, but the judges being neither tenured nor with guaranteed income" (Appellant's brief, doc. 4, page 1). Defendant-appellant's motion was overruled, and it appealed to this Court.

Apparently, jurisdiction is founded in this Court on 28 U.S.C. § 1334(a), (b), which provide:

(a) The district courts for districts for which panels have not been ordered appointed under Section 160 of this Title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.

(b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which appeal is taken.

■■■ Since panels have not been appointed under Section 160 in the Southern District of Ohio, this Court has jurisdiction under 18 U.S.C. § 1334(b) of interlocutory orders and decrees of the Bankruptcy Court, "but only by leave of the district court to which the appeal is taken." The denial of a motion to dismiss is not a final judgment, order, or decree of a bankruptcy court. Nor has leave of this Court been sought by appellant to consider Judge Gartner's order denying appellant's motion to dismiss. In the interests of justice and to avoid additional expense to the parties, and in furtherance of judicial economy, this Court *sua sponte* will consider this appeal of the aforesaid order, considering same to be an interlocutory order.

The issue presented is whether the Bankruptcy Court lacked jurisdiction to hear the adversary action in the Bankruptcy Court as established by Congress under the Bankruptcy Reform Act of 1978, because the expansive jurisdiction granted to the Bankruptcy Court by Congress contravenes Article III, Section 1 of the United States Constitution in that the judges of the Bankruptcy Court are limited in tenure "with their compensation subject to the whims of Congress" (Appellant's brief, page 2). The Supreme Court of the United States in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, ── U.S. ──, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) decided that the broad jurisdiction granted by 28 U.S.C. § 1471(a) is unconstitutional. This grant, contained in 28 U.S.C. § 1471, confers on bankruptcy courts jurisdiction of all civil proceedings arising under Title 11 (the Bankruptcy Code), "or arising in or related to cases under Title 11." This provision of the Bankruptcy Reform Act of 1978 expanded the jurisdiction of bankruptcy courts significantly, allowing them to exercise nationwide personal and subject matter jurisdiction over civil cases in which the trustees or debtors were parties, or that were otherwise related to the bankruptcy proceedings. It was this grant of expansive jurisdiction that failed to pass constitutional muster because such jurisdiction was being exercised by judges who do not enjoy the guarantees of life tenure and undiminished salary required by Article III of the Constitution.

■■■ Although the Supreme Court's ruling applies only prospectively and the judgment is stayed until October 4, 1982, since defendant-appellant had raised the issue of the Bankruptcy Court's jurisdiction before Judge Gartner, thereby preserving its right on appeal, we conclude that the Bankruptcy Court does not have jurisdiction of the plaintiff-appellees' common-law damage claim against defendant-appellant for misrepresentation and fraud. Accordingly, defendant-appellant's motion to dismiss should have been granted.

Therefore, the decision of the Bankruptcy Court appealed from is reversed, and the action against defendant-appellant in the Bankruptcy Court is dismissed.

SO ORDERED.