**In re M. J. S. APPAREL, INC., Debtor.**

**Edward ZINKER, Trustee in Bankruptcy of M. J. S. Apparel, Inc., Plaintiff,**

**v.**

**Mark LEVY, Stuart Brodsky, Chemical Bank, Joseph Yachnowitz and Abrams Adjustors, Inc., Defendants.**

No. 881–83460–20.
Adv. No. 882–0459–20.

United States Bankruptcy Court,
E. D. New York,
at Westbury.

Sept. 1, 1982.

Louis P. Rosenberg, Brooklyn, N. Y., for Abrams Adjustors, Inc.

Goldman, Horowitz & Cherno, Mineola, N. Y., for plaintiff; Paul Hahn, Mineola, N. Y., of counsel.

MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

Abrams Adjustors, Inc., ("Abrams") moves this Court to dismiss the Trustee's complaint based on a lack of jurisdiction. Motion denied.

An involuntary petition was filed against M. J. S. Apparel Inc. ("M. J. S.") on 23 October 1981 and an order for relief under Chapter 7 of the Bankruptcy Code entered on 19 November 1981 and Edward Zinker appointed Trustee. Thereafter, by a complaint filed 1 July 1982, the Trustee commenced an action against Abrams, the for-

mer principals of the debtor and others seeking the recovery of over $100,000.00 in transfers allegedly fraudulent under sections 547 and 548 of the Code, 11 U.S.C. §§ 547 and 548 (Supp. IV 1980). In the interim, however, the Supreme Court held that the grant of jurisdiction to the United States Bankruptcy Courts contained in section 241(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549, 2668 (codified at 28 U.S.C. § 1471) was unconstitutional. *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Based thereon, Abrams now moves this Court to dismiss the complaint as against him for a lack of subject matter jurisdiction.

However, while it is certainly true that the Supreme Court declared Congress' grant of jurisdiction to this Court to be invalid, it is equally true that the Supreme Court stayed their judgment until 4 October 1982 in order to

> afford Congress an opportunity to reconstruct the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws.

—— U.S. at ——, 102 S.Ct. at 2880.

In response to this language, Abrams points to that language in *Marathon* which states that the decision is to be applied prospectively only, —— U.S. at ——, 102 S.Ct. at 2880, and argues that what the Supreme Court intended was:

(a) those matters finally determined prior to 28 June 1982 (the date of the Marathon decision) would be unaffected;

(b) those matters pending on 28 June 1982 could go forward pending Congressional action on October 4;

(c) as to those actions commenced after June 28, however, there would be no jurisdiction.

This Court rejects this analysis for two reasons. First, if the Supreme Court wished to so rule, it could certainly have clearly stated so. Second, and more significantly, although the plurality and concurring opinions differed in their conclusions as to the extent of section 241(a)'s imperfections, six of nine Justices agreed that what offending provisions there were were not severable from the full grant of jurisdiction, —— U.S. at ——, 102 S.Ct. 2880 n.40, 2882, that therefore the full grant of jurisdiction had to be struck down, *id.* and that therefore their judgment had to be stayed to prevent chaos, *id.* Clearly, to accept Abrams' position and to hold the *Marathon* decision unstayed as to those proceedings commenced after June 28 would be to hold this Court devoid of any jurisdiction after that date and consequently the country without any bankruptcy laws. Such was not the Supreme Court's intention. *Accord, Hassett v. Ganz (In re O. P. M. Leasing Services, Inc.),* 21 B.R. 986, 9 B.C.D. 335, 336–38 (Bkrtcy.S.D.N.Y.1982); *Otero Mills, Inc. v. Security Bank & Trust,* 21 B.R. 645, 9 B.C.D. 238, 239 (Bkrtcy.D.N.M.1982).

Consequently, the motion is denied.

So Ordered.