In re **FIRST HARTFORD CORPORATION, d/b/a Wyandotte Mills, Debtor.**

**WYANDOTTE INDUSTRIES, DIVISION OF FIRST HARTFORD CORPORATION, Plaintiff,**

v.

**MORTON MACHINE WORKS, INC., Defendant.**

**Bankruptcy No. 81 B 10390 (ERJ). Adv. No. 81–5532–A.**

United States Bankruptcy Court, S.D. New York.

Dec. 7, 1982.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant.

Ballon, Stoll & Itzler, New York City, for plaintiff.

## DECISION ON MOTION TO DISMISS OR TRANSFER CASE

EDWARD J. RYAN, Bankruptcy Judge.

On or about February 20, 1981, First Hartford Corporation, doing business as Wyandotte Mills ("Hartford") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. In August 1981, Wyandotte Industries, a division of First Hartford Corporation ("Wyandotte") initiated an adversary proceeding against Morton Machine Works, Inc. ("Morton"), alleging a breach of contract; specifically, Wyandotte alleged unjust enrichment and conversion.

Morton filed a Notice of Motion dated September 25, 1981, for an order dismissing the adversary proceeding for lack of jurisdiction on the grounds that 28 U.S.C. § 1471(b) and (c) are unconstitutional delegations of Article III authorization to an Article I court and constitute an unconstitutional deprivation of due process as applied

in this case. In the alternative, Morton moved this court for an order either transferring the adversary proceeding to the United States Bankruptcy Court for the Middle District of Georgia or abstaining from hearing this adversary proceeding.

Hearings on the motion took place on February 5 and 24, 1982, at which time it was agreed that determination of the issue of constitutionality should await the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (hereinafter "*Marathon*").

In a plurality opinion written by Mr. Justice Brennan, the Supreme Court held unconstitutional, in *Marathon,* that section of the Bankruptcy Reform Act upon which jurisdiction in the instant proceeding is based, viz. 28 U.S.C. § 1471.[1] However, the Supreme Court stayed its judgment until October 4, 1982, to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Marathon,* 102 S.Ct. at 2880.

The issue before this court is whether it can proceed with the pending adversary proceeding in view of the decision in *Marathon.*

■ Where litigants have consented to the jurisdiction of this court and the non-debtor party has asserted counterclaims in an adversary proceeding, this court can and will exercise its jurisdiction over the proceeding based on defendant's consent.[2]

In addition, during the interim period until the Supreme Court's stay in *Marathon* is either modified, extended or expires, this court will exercise the full breadth of its authority under 28 U.S.C. § 1471 in order to allow a smooth and orderly administration of the bankruptcy laws.

1. Although the complaint failed to state the grounds upon which this court's jurisdiction depended, the defendant correctly assumed that the plaintiff was relying on 28 U.S.C. § 1471(b) and (c), which govern proceedings "arising in or related to cases under Title 11."

2. *See, National Sugar Refining Co. v. United States Brands Corp., f/k/a U.S. Sugar Co., Inc.* 22 B.R. 279 (U.S.B.J. Ryan, Bkrtcy., S.D.N.Y., 1982).

However, in a case such as the instant one, where the non-debtor party has objected to Section 1471 jurisdiction from the outset of the case, this court, following the plurality's reasoning in *Marathon,* deems itself advisable to order dismissal of the adversary proceeding based on the unconstitutionality of Section 1471. Unlike other cases where consent to jurisdiction was given or where a case has proceeded beyond the original jurisdictional objection so that efficiency and order require this court to maintain jurisdiction pursuant to *Marathon's* stay of the effect of its decision, the posture of the instant proceeding requires that the motion to dismiss be granted.

Settle an appropriate order.