**In the Matter of Ted Eugene BROWN, Debtor.**

**BANK OF EXETER, Plaintiff,**

v.

**Ted Eugene BROWN, Defendant.**

Bankruptcy No. 82–02685–3.
Adv. No. 82–2063–3.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Jan. 5, 1983.

R. Deryl Edwards, Joplin, Mo., for plaintiff.

W. Henry Johnson, Neosho, Mo., for defendant.

ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS AND SETTING TIME FOR DISCOVERY, PRETRIAL FILINGS, AND FOR TRIAL

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff seeks a decree of nondischargeability under § 523(a)(2) of the Bankruptcy Code of the defendant's alleged indebtedness to it. The defendant, after putting his discharge in issue by filing these title 11 proceedings, now moves to dismiss this action for lack of jurisdiction under the authority of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which resulted in the striking of the bankruptcy court jurisdictional statute, § 1471, Title 28, United States Code, effective December 24, 1982.

## I

■ The jurisdiction of the bankruptcy court to determine the dischargeability of claims, however, is not dependent on statute. Matters of administration and distribution of a bankruptcy estate are within the inherent jurisdiction of a court of bankruptcy. "Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property. In the courts of the United States *this ancillary jurisdiction may be exercised though it is not authorized by any statute.* The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them." *Murphy v. John Hofman Co.,* 211 U.S. 562, 570, 29 S.Ct. 154, 157, 53 L.Ed. 327 (1909) (Emphasis added); *Wabash R. Co. v. Adelbert College,* 208 U.S. 38, 54, 28 S.Ct. 182, 187–8, 52 L.Ed. 379 (1908); 2 Collier on Bankruptcy ¶ 23.03, pp. 443, 444, n. 3 (1976).

■ It is further held that this ancillary, nonstatutory, inherent jurisdiction extends to the determination of the claims against the bankruptcy estate. "Property in the custody of a court of equity for administration is always held by it in trust for those to whom it rightfully belongs. The jurisdiction to inquire and determine who the lawful owners of it are and to that end to call before it all claimants by a reasonable notice or order to present their claims to the court within a reasonable time, or to be barred of any right or interest in the property in its custody, or in its proceeds, is a

power *inherent* in every court of equity, incidental and indispensable to the authority to administer the property in its possession and to distribute its proceeds." *In re Rochford,* 124 F. 182, 187 (8th Cir.1903); 2 Collier on Bankruptcy ¶ 23.03, p. 444, n. 6 (1976) (Emphasis added.) It is inextricable from such inherent jurisdiction that the court of bankruptcy determine the amount of each claim, if any, to be discharged by distribution of the assets in its possession. And this is so even if the proper and legal amount of the assets to be distributed is in fact zero. For it remains within the inherent jurisdiction of the court of bankruptcy to determine which claims, if any, and in what amounts are lawfully to be discharged by the distribution of zero assets. The ineradicably inherent nature of this jurisdiction is reflected in the fact that jurisdiction to determine the dischargeability of the type of claim involved in this action is still considered, under the still effective provisions of the Bankruptcy Code, to be within the *exclusive* jurisdiction of the bankruptcy court.[1]

## II

■ Further, jurisdiction is proper in the bankruptcy court for the separate and additional reason that the debtor's filing the title 11 proceedings and thereby requesting a discharge in bankruptcy constitutes a consent to the subject-matter jurisdiction of the bankruptcy court to determine the discharge of claims. Under the applicable statutes, it is exclusively the "bankruptcy court" which, under the provisions of § 105(a) of the Bankruptcy Code, is granted the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." It

---

1. See § 523(c) of the Bankruptcy Code providing that, in order for the debtor to be discharged "from a debt specified in paragraph (2), (4), or (6) of subsection (2) of this section," "the court [must] determine ... such debt to be excepted from discharge." The legislative history printed under this subsection makes it clear that "the court" was intended to be a reference to the bankruptcy court. That history states that "Subsection (c) requires a credi-

tor who is owed a debt that may be excepted from discharge under paragraph (2), (4), or (6) (false statements, embezzlement or larceny, or willful and malicious injury) to initiate proceedings in the *bankruptcy court* for an exception to discharge." (Emphasis added.) The only reason "bankruptcy court" was not specified in subsection (c) is that it was thought to be unnecessary in view of the provisions of § 1471, Title 28, United States Code.

is. necessary, of course, that, in addition to this power to act, a court also have jurisdiction of the person and the subject matter.[2] In the context of bankruptcy, however, it is well-established that subject-matter jurisdiction, as well as personal jurisdiction is conferred by consent of the parties. See 2 Collier on Bankruptcy ¶ 23.08, p. 533, n. 7 (1976).[3] In this action, both parties have taken distinct affirmative steps to consent to the subject-matter jurisdiction of the bankruptcy court by placing the issue of discharge of plaintiff's claim in issue.

### III

■ Jurisdiction is also proper in the bankruptcy court for the separate and independent reason that the emergency local rule of the United States District Court for the Western District of Missouri provides that dischargeability actions are to remain within the exclusive jurisdiction of the bankruptcy court.[4]

### IV

Lastly, it can be discerned from the foregoing discussion that the question of dischargeability is one arising distinctly under the federal bankruptcy laws, not under state law, and that it does not therefore offend the ruling in the *Marathon* case, *supra,* for bankruptcy judges to exercise the power to issue decrees of nondischargeability and dischargeability. In respect of the issues made by such actions, it is universally held that, although the relationships between the parties may be defined by principles of state law, the issue of dischargeability is one which is solely controlled by the federal bankruptcy law.[5]

For the foregoing reasons, therefore, the motion to dismiss must be denied.

### V

This action must therefore be prepared for trial of its merits. Accordingly, a pretrial order should issue, setting forth the times for discovery, pretrial filings and for trial.

### VI

Therefore, it is hereby

ORDERED that the defendant's motion to dismiss this action be, and it is hereby, denied. It is further

ORDERED that all discovery shall be completed on or before March 1, 1983. It is further

ORDERED that, in the meantime, the parties shall, in the following manner, adequately prepare for the submission in evidence of any summaries, pursuant to the provisions of Rule 1006 of the Federal Rules of Evidence:

(1) On or before February 20, 1983, each party shall serve upon each adverse party a copy of any summary which that party will offer in evidence at the trial of this action, together with a notice of the location of the books, records and the like of which the summary has been made and the reasonable times when they may be inspected and copied by the adverse party.

(2) On or before March 1, 1983, the adverse party served with a copy or copies of summaries in accordance with the provisions of subparagraph (1), *supra,* shall

---

2. "Jurisdiction is of several kinds as jurisdiction of the subject matter; of the parties; and what is termed venue jurisdiction." *Brand v. Pennsylvania R. Co.,* 22 F.Supp. 569, 571 (E.D. Pa.1938).

3. Generally, it is said that consent jurisdiction, like summary jurisdiction, is not restricted by the terms of any statute. 2 Collier on Bankruptcy ¶ 23.03, p. 443 (1976). It is said that consent jurisdiction is limited in its scope to the purposes of the bankruptcy law. *Id.* ¶ 23.08, p. 534. But "jurisdiction" as used in this context must mean "power to act" or "venue jurisdic-

tion." See note 2, *supra.* Cf. § 105(a) of the Bankruptcy Code.

4. Emergency local rule of the United States District Court for the Western District of Missouri states: "(3)(A) Related proceedings (triable in bankruptcy court include) ... proceedings to determine dischargeability of particular debts ..."

5. See the Legislative History printed under § 523 of the Bankruptcy Code.

serve upon the party which is the proponent of the summary and file with the court a written statement of any objection which it will make to the admissibility of all or any part of any such summary with full citations of all case decisions and other authority relief upon in support of the objection.

It is further

ORDERED that on or before March 10, 1983, the parties shall file any stipulations of fact which they have agreed upon and either an agreed statement of the factual and legal issues to be resolved by the trial hereof or, if agreement is not possible, separate statements of the factual and legal issues to be resolved. It is further

ORDERED that on or before March 10, 1983, each party shall file a trial brief herein, stating the material facts upon which it relies and the legal principles and authorities upon which it relies.

Failure of the parties to meet any of the deadlines herein will result either in the case being dismissed with prejudice or in default judgment being entered, whichever is appropriate under the circumstances.