## In re WEATHERSFIELD FARMS, INC., Debtor.

## FIRST INTER–STATE BANK f/k/a Inter-State Trust Company also f/k/a First National Bank of White River Junction, Plaintiff,

v.

## WEATHERSFIELD FARMS, INC., Defendant.

### Bankruptcy No. 80–00191.

United States Bankruptcy Court, D. Vermont.

Sept. 23, 1983.

Gary T. Brooks, Norwich, Vt., for plaintiff.

Michael J. McGarry, Burlington, Vt., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This voluntary sole-asset case involving a parcel of rural land and appurtenant buildings called Weathersfield Farms, Inc. (Farm) was filed August 29, 1980. Thereafter, the debtor filed a plan of reorganization which was not proposed in good faith; the court denied confirmation of the plan on March 17, 1981. 14 B.R. 572. Subsequently, the debtor filed a second plan of reorganization which was not proposed in good faith; on May 11, 1981, the court denied confirmation of the plan and dismissed the case for cause. 14 B.R. 574. The debtor appealed to the United States District Court for the District of Vermont; the decision to dismiss was affirmed by Judge Holden by his order dated October 12, 1981. 15 B.R. 282. The debtor further appealed to the United States Court of Appeals for the Second Circuit; the appeal was dismissed by that court by its order dated August 10, 1982. On January 31, 1983, this court issued an order to show cause why the case should not be closed. At the hearing on February 14, 1983, the debtor interposed that it had a petition for Writ of Certiorari pending before the United States Supreme Court and that the pendency of this petition was in itself sufficient cause that the case should not be closed. The matter was continued. Subsequently, on May 2, 1983, the debtor filed its Third Plan of Reorganization (Plan).

As of the date of this memorandum, the Supreme Court has taken no action on the petition for Writ of Certiorari.

Shortly before the debtor filed its petition for relief in 1980, the First Inter-State Bank (Bank) as mortgagee of the Farm premises instituted foreclosure proceedings in State Court.

## DISCUSSION

The issue for determination is whether the court, having dismissed the proceeding, has jurisdiction to determine the effect of the subsequent filing of the Plan. The court finds that it does have jurisdiction to determine this matter and that the Plan should be denied confirmation by the court.

It has been held that section 241(a) of Public Law 95–598, 92 Stat. 2668 (1978), containing the broad grant of jurisdiction to the bankruptcy courts, is unconstitutional. *Northern Pipeline Construction Co. v. Marathon Pipe Line Company* (*Northern Pipeline*) 458 U.S. 50, 102 S.Ct. 2858, 7 L.Ed.2d 598, 6 C.B.C.2d (MB) 785, 9 B.C.D. (CRR) 67, CHH Bankruptcy Reports 68, 268 (1982). The Supreme Court applied *Northern Pipeline* prospectively, 102 S.Ct. at 2880, 6 C.B. C.2d at 807, and stayed its effect until October 4, 1982, 6 C.B.C.2d at 808. Subsequently, the Court extended the stay until December 24, 1982. *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* —— U.S. ——, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982).

The existence or nonexistence of subject matter jurisdiction may be a matter analogous to a change of law which may be prospectively applied:

Almost all bankruptcy courts confronting this issue have concluded that the jurisdictional proscriptions of *Northern* did not attach until the stay of execution of judgment expired or was dissolved. See: ... *In re Hotel Associates, Inc.* 22 B.R.

964 (Bkrtcy.E.D.Pa.1982); *In re Coby Glass Products Co.,* 22 B.R. 961 (Bkrtcy.D.R.I.1982); *In re International House of Pancakes, Inc.,* 22 B.R. 926 (Bkrtcy.N.D.Ill.1982); *In re National Trade Corp.,* 22 B.R. 877 (Bkrtcy.N.D.Ill.1982); *In re Ocean Developments of America, Inc.,* 22 B.R. 834 (Bkrtcy.S.D.Fla.1982); *In re Baker,* 22 B.R. 791 (Bkrtcy.D.Md.1982); *In re M.J.S. Apparel, Inc.,* 22 B.R. 736 (Bkrtcy.E.D.N.Y.1982); *In re Rapco Foam, Inc.,* 22 B.R. 637 (Bkrtcy.W.D.N.Y.1982); *In re Cumberland Enterprises, Inc.,* 22 B.R. 626 (Bkrtcy.M.D.Tenn.1982); *In re Young,* 22 B.R. 620 (Bkrtcy.N.D.Ill.1982); *In re Cascade Oil Co., Inc.,* 22 B.R. 348 (Bkrtcy.S.D.N.Y.1982); *In re National Sugar Refining Co.,* 22 B.R. 279 (Bkrtcy.S.D.N.Y.1982); *In re Vaniman International, Inc.,* 22 B.R. 166, 195 (Bkrtcy.E.D.N.Y.1982); *In re O.P.M. Leasing Services, Inc.,* 21 B.R. 986 (Bkrtcy.S.D.N.Y.1982); *In re Debmar Corp.,* 21 B.R. 858 (Bkrtcy.S.D.Fla.1982); *In re Otero Mills, Inc.,* 21 B.R. 645 (Bkrtcy.D.N.M.1982); *In re Riggins,* 21 B.R. 388 (Bkrtcy.E.D.Pa.1982); *Contra: In re Meeker,* 22 B.R. 745 (S.D.Ohio 1982).

*Rhodes v. Stewart,* 705 F.2d 159, 161 n. 1, 8 C.B.C.2d 451, 10 B.C.D. 596 (6th Cir.1983). "Prospective application of *Northern Pipeline* mandates, at a minimum, that all bankruptcy court entries of judgment prior to June 28, 1982, as predicated upon § 1471 jurisdiction, are to be afforded *de facto* validity." *Id.*

■ The "prospective nature" of *Northern Pipeline* has been further interpreted as preserving "§ 1471 jurisdiction" with respect to all bankruptcy cases filed prior to December 24, 1982. *In re Matlock Trailer Corp.,* 27 B.R. 311, 318 (Bkrtcy.M.D.Tenn.1983). On this basis, jurisdiction attached in the instant proceeding when the petition for relief was filed in August, 1980. Jurisdiction, once attached, continues, ingredient to the court's authority to administer the case, until the case is closed. *See, In re Rochford,* 124 F. 182, 187 (8th Cir.1903) as cited in *Matter of Brown,* 26 B.R. 119, 120 (Bkrtcy.W.D.Mo.1983), also citing 2 *Collier on Bankr.* (14th ed.) ¶ 23.03 at page 444

n. 6; *see also,* 5 *Collier on Bankr.* (15th ed. 1979 rev. 1983) (*Collier* ) ¶ 1142.01[1] at page 1142–3 ("Prior to the closing of the case, the court clearly has jurisdiction with respect to any matter arising in or related to the case"). As 5 *Collier* ¶ 1142.01[1], *supra,* indicates, the jurisdiction of the court, once it has attached in a Chapter 11 case, continues so long as the case remains open, and embraces "any matter arising in or related to the case." *Id.* Such continuing jurisdiction is, therefore, not a function of the fortuity of there being property in the estate of the debtor; rather, such jurisdiction continues as an indispensable incident of the court's authority to adjudicate the Chapter 11 proceeding.

■ As to whether the court, having jurisdiction over this proceeding, has jurisdiction to determine whether it has jurisdiction to determine the effect of the filing of the Plan, the court notes that part and parcel of jurisdiction is jurisdiction to determine jurisdiction, as the Supreme Court clarified in *Chicot Co. Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940):

> The lower Federal Courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are Courts with authority ... to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act ...

308 U.S. at 373–374, 60 S.Ct. at 318–319; *accord, Matter of Youngstown Steel Tank Co.,* 27 B.R. 596 (District Court W.D.Pa.1983) (bankruptcy court has jurisdiction to inquire into its own jurisdiction). This court, therefore, has jurisdiction to determine whether it has jurisdiction to determine the effect of the filing of the instant Plan.

■ The legal effect of the filing of a plan after the case has been dismissed for cause, is a question of first impression and the court must necessarily reason from general principles. If *sua sponte* the bankrupt-

cy court may reopen a case to obtain jurisdiction over a private dispute to which the debtor is not a party, *In re Warren,* 24 B.R. 846, 7 C.B.C.2d 842 (Bkrtcy.W.D.Ky.1982), *a fortiori* the bankruptcy court has continuing jurisdiction with respect to Chapter 11 matters which the debtor brings before the court prior to the closing of the case. If without reopening the case the bankruptcy court has jurisdiction to strike the recordation of a mortgage recorded after the case was closed, *In re Funket,* 27 B.R. 640, 6 C.B.C.2d 597 (Bkrtcy.M.D.Pa.1982), the bankruptcy court similarily has continuing jurisdiction to consider the effect of a reorganization plan filed before the case is closed. If, on its own motion, the bankruptcy court may reopen a case to accord relief to the debtor, or for other cause, Bankruptcy Code (Code) § 350(b), and if what "cause" is, is not defined and lies primarily within the discretion of the judge, 2 Collier ¶ 350.03 n. 7 at page 350–8, then jurisdiction exists to consider the effect of a Chapter 11 plan filed after the dismissal of, but prior to the closing of, the case.

■ Of what effect, then, is the filing of the instant plan? If the Plan complies with the applicable provisions of Chapter 11 and is proposed in good faith, its filing has the effect of requiring that there be a confirmation hearing. Code § 1128. If the Plan does not comply with the applicable provisions of Chapter 11 and is not proposed in good faith, its filing triggers no requirement that there be a confirmation hearing and confirmation of the Plan should be denied forthwith. *Weathersfield Farms, Inc., v. First Inter-State Bank,* 15 B.R. 282, 5 C.B.C.2d 315, 317 (D.C.D.Vt.1981).

■ In the instant case, the debtor appealed the 1981 order of dismissal without requesting, under then Bankruptcy Rule 805 (now rule 8005) a stay of the dismissal order pending appeal. Absent an order staying the dismissal—and no such order exists in this case—the automatic stay of Code § 362 terminated upon dismissal of the case, *see, In re Eden Associates,* 13 B.R. 578, 4 C.B.C.2d 1249 (Bkrtcy.S. D.N.Y.1981), and the dismissal restored the rights of the Bank as mortgagee of the Farm premises to the position in which they were found at the commencement of this case, Code § 349(b) advisory committee note. Therefore, notwithstanding the debtor's appeal of the order of dismissal, the Bank, no longer stayed under Code § 312, could lawfully, proceed with its foreclosure action in state court, *see, Matter of Twin Lakes Village, Inc., et al.,* 22 C.B.C. 555 (Bkrtcy.Nev.1980) (Lloyd George, Chief Bankruptcy Judge), which the Bank did, perfecting its title to the premises and extinguishing the debtor's interest therein by recording a judgment of foreclosure and a certificate of nonredemption in the land records of Thetford, Vermont, Vt.Stat., tit. 12 §§ 4528 *et. seq.* Thus, the debtor no longer owns the Farm premises. As there is no other property in the debtor's estate, the court cannot confirm the Plan because the Plan does not provide adequate means for its execution as required by Code § 1123(a)(5) and the debtor is in no position to consummate an effective reorganization. Code § 1129(a)(1). *See, In Re Eden Associates,* supra.

■ Further, it strains the imagination to suppose that the debtor's Plan, predicated on the ownership of property which the debtor doesn't own, has been proposed in good faith as required by Code section 1129(a)(3). The debtor's first plan was "... not ... proposed in good faith but rather to thwart the efforts of the Bank in completing its state foreclosure action." *In re Weathersfield Farms, Inc.,* 14 B.R. 572, 574 (Bkrtcy.D.Vt.1981). The debtor's second plan was not proposed in good faith as "... the only motive of the debtor in this delaying tatic is to avoid the consequences of the foreclosure action in State Court." *In re Weathersfield Farms, Inc.,* 14 B.R. 574, 575, 5 C.B.C.2d 312, 314 (Bkrtcy.D.Vt.1981). Now, two years later, the debtor asks that the court undo the Bank's foreclosure and revest title to the Farm premises in the debtor in order that the instant Plan may be confirmed. However, the bankruptcy court has no power to enlarge the debtor's rights under applicable

nonbankruptcy law. The unavoidable conclusion which follows is that there is no basis on which to further extend the protection of the court to this debtor.

### ORDER

In accordance with the foregoing,

IT IS HEREBY ORDERED, that no confirmation hearing be held with respect to the instant Plan, and that the Plan be and hereby is DENIED CONFIRMATION.