**In the Matter of Nickolas Lancaster LENZ and Sandra Kay Lenz, Debtors.**

**Bankruptcy Code No. 82–00718–SW–11.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

April 20, 1984.

Thomas L. Williams, Roberts, Fleischaker & Scott, Joplin, Mo., for debtors.

## ORDER SETTING HEARING ON MOTIONS TO SET ASIDE DISMISSAL FOR APRIL 30, 1984, AT 3:30 P.M. IN KANSAS CITY, MISSOURI

DENNIS J. STEWART, Bankruptcy Judge.

Formerly, on March 29, 1984, this court issued its order dismissing the within chapter 11 proceedings with prejudice. At the time of the issuance of the order, the current bankruptcy court jurisdictional statute, S. 2507, extending the transition period, had not yet come into effect. It was then appropriate, when there was yet no statute purporting to confer any jurisdiction directly on the bankruptcy court, for this court to exercise its inherent jurisdiction as a non-article III court, over the chapter 11 estate in its custody and possession. See, e.g., *Matter of Isis Foods, Inc.*, 26 B.R. 122 (Bkrtcy.W.D.Mo.1983); *Matter of Brown*, 26 B.R. 119 (Bkrtcy.W.D.Mo. 1983).

Thereafter, however, jurisdiction was conferred by statute directly upon the bankruptcy court by the current Congressional enactment. The enactment, by its own literal terms, purports to resurrect, as the applicable jurisdictional statute, section 241 of the Bankruptcy Reform Act of 1978. For the effect of section 404(b) of the Bankruptcy Reform Act of 1978 is expressly extended by the new enactment. Its letter, in turn, provides that, during the period for which it is extended, the currently sitting bankruptcy judges "shall serve in the court of bankruptcy ... *in the manner prescribed by this title.*" (Emphasis added.) That title, Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, provides at sections 405(a) and (b) that the bankruptcy judges now sitting may exercise the "jurisdiction and powers conferred by," *inter alia*, section 241 of the Bankruptcy Reform Act, the same section which the plurality opinion in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), held to be within the competence only of an Article III court. It therefore appears that the current statute, in re-enacting the stricken section, may be void. "(W)here the invalidity of an act or a portion thereof goes to the *power* of the legislature to enact the law, and not merely to the form of the enactment, no rights or correlative obligations may arise under such invalid statute." 16 Am.Jur.2d Constitutional Law section 257, p. 728 (1979) (Emphasis added.). And "(s)uch a grant of jurisdiction (to bankruptcy courts as section 241 purports to make) cannot be sustained as an exercise of Congress' *power* to create adjuncts to Art. III courts." *Marathon, supra*, 458 U.S. at 87, 102 S.Ct. at 2880.

Further, when jurisdiction is now directly conferred by statute, rather than by the fact of possession of a debtor's estate, it appears that the federal judicial power is conferred on the bankruptcy court. This is particularly so if this court is deemed to be empowered to enter the final order or judgment in this case, as the current interim rule provides.[1] But this is a power which, according to the analysis of the plurality

---

**1.** The interim rule for bankruptcy court administration permits the bankruptcy court, by its terms, to enter the final order or judgment in a case like that at bar, subject to an appeal being taken. The order or judgment is effective in the absence of an appeal and is enforceable without an appeal. But in the *Marathon* plurality opinion, it was held that non-Article III courts should not be permitted to issue "final judgments which are binding and enforceable even in the absence of appeal," 458 U.S. at 85–86, 102 S.Ct. at 2879, in cases involving the federal judicial power conferred by statute.

opinion in *Marathon, supra,* could be conferred only upon an Article III court except in cases where the United States is a party and public, as opposed to private, rights are being finally adjudicated. Otherwise, "(a)ll federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, section I, of the Constitution." *Lockerty v. Phillips,* 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943).

The Supreme Court has in the past held that, when Congress knowingly confers Article III power on a court which had not previously been recognized as an Article III court, that court takes on an Article III status and its judges take on a status commensurate with the duties, provided only that their appointments were initially presidential appointments. *Glidden Co. v. Zdanok,* 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962); *Lockerty v. Phillips, supra.* It is conceivable that, sometime in the future, the bankruptcy court could be held by the Supreme Court to have been an Article III court during this particular transition period when it appears that the judges now sit by virtue of a presidential appointment or "extension." But, as of this time, that future possibility is purely speculative. It is the Supreme Court's "considered practice not to apply *stare decisis* as rigidly in constitutional cases as in nonconstitutional cases." *Glidden Company v. Zdanok, supra,* at 549, 82 S.Ct. at 1472.

Accordingly, to provide against the possibility that it may be subsequently be found that this court acted under a void statute and particularly because of the objections to the bankruptcy court jurisdiction which have consistently been raised by the creditor Community Federal Savings and Loan Association, this court has determined that it should refer the motions to reconsider or alter or amend the order of dismissal to the district court with an appropriate report and recommendation as required by the interim emergency rule for bankruptcy administration. But the past experience of this court in relation to this case demonstrates that it would be worthwhile and perhaps conserve time and the waste of resources if the parties could make clear to the court what precisely they desire to have from the chapter 11 estate if this case is not dismissed. If these demands are related to the court clearly and in detail, it may be possible to make a more accurate and effective report to the district court and one which will hopefully aid the district court in reaching the correct result. For this purpose, it is hereby

ORDERED that a hearing be held on the motions to reconsider or set aside the order of dismissal on April 30, 1984, at 3:30 p.m. in Room 945, United States Courthouse, 811 Grand Avenue, Kansas City, Missouri.