**In the Matter of KARL A. NEISE, INC., Modern Tools Corp., Debtors.**

**Bankruptcy Nos. 81–01424–BKC–SMW, 81–01425–BKC–JAG.**

United States Bankruptcy Court, S. D. Florida.

Dec. 17, 1981.

Britton, Cohen, Miami, Fla., for debtor.

Irving Wolff, Miami, Fla., for Carla & Jaryn.

Steven F. Brownstein, Miami, Fla., for Continental Bank.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came on to be heard upon two Creditors' Re-application to Convert Proceedings to Chapter 7 or Dismiss the Same. This Court having heard the testimony of witnesses and having examined the evidence presented, having ob-

served the candor and demeanor of the witnesses, and having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Applicants, Carla Holdings, Inc. ("Carla") and Jaryn Enterprises, Inc. ("Jaryn") jointly hold a second lien on the Debtors' pre-petition inventory and equipment and a first lien on pre-petition proceeds of inventory and equipment. By previous orders following hearings on motions by Carla and Jaryn for adequate protection, this Court has extended those liens to cover post-petition inventory and equipment and accounts receivable as well. Also upon the prior Application of Carla and Jaryn, this Court appointed an examiner, who has since filed a report absolving the Debtors of any wrongdoing.

On the instant application it is the burden of Carla and Jaryn to show that conversion or dismissal is warranted based on one or more of the statutory grounds set forth in 11 U.S.C. § 1112(b). *See e.g., In re Ware Spaces Inc.*, 5 B.R. 204, 206 (Bkrtcy. D.Hawaii 1980). Carla and Jaryn find comfort in subsections (1) and (2) of § 1112(b), which provide that the Court may convert a Chapter 11 case to Chapter 7 or dismiss, whichever is in the best interest of creditors and the estate, for cause, including, *inter alia*, continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; or (2) inability to effectuate a plan. The Court finds, however, that Carla and Jaryn have failed to make a sufficient showing on any ground that would warrant conversion or dismissal at this time.

Certain salient facts stand out from the trial record. First, there is no evidence of loss to, or diminution of, this estate since a petition was filed in this Court. Rather, taking the post-petition period as a whole, it appears that the Debtors have generated a modest gross operating profit, *i.e.*, their revenues have exceeded their operating expenses before taking into account accured and unpaid interest on pre-petition debt. Second, inventory levels are somewhat higher now than at the inception of these Chapter 11 proceedings. Accordingly, this Court finds no loss to or diminution of the Debtors' estate by the Debtor-in-Possession. Although Carla and Jaryn further argue that there is no reasonable likelihood of rehabilitation, that argument standing alone must fall, absent a showing of loss to or diminution of the estate. 11 U.S.C. § 1112(b)(1); *In re Alves Photo Service, Inc.*, 6 B.R. 690 (Bkrtcy.D.Mass.1980).

These consolidated Chapter 11 Proceedings were filed on September 4, 1981. The 120 day exclusive period for the Debtors to file a plan and disclosure statement will not expire until approximately January 4, 1982. 11 U.S.C. § 1112. There has been no application by any party in interest to shorten that 120 day exclusive period, the statutory minimum prescribed by the Bankruptcy Code, and it is the philosophy of Chapter 11 of the Code to afford an honest Debtor a reasonable opportunity to rehabilitate his business and to propose a plan of reorganization. There has been no showing of loss to or diminution of the estate. The creditors applying for conversion or dismissal have been previously afforded adequate protection by this Court. It is therefore difficult to see how such an extreme measure as conversion or dismissal is appropriate at this juncture.

Carla and Jaryn also argue that that Debtors cannot possibly effectuate a plan because they are unalterably opposed to any plan the Debtor might propose and because their claim, approximately $300,000.00, is too large for the Debtors to satisfy. Such a statement of opposition by a Creditor at the outset of a rehabilitation case, however, is hardly dispositive, for opposition of one or more classes of creditors does not in and of itself constitute inability to effectuate a plan, since a plan could be confirmed notwithstanding such opposition. 5 *Collier on Bankruptcy*, Para. 1112.03(ii) (15th ed. 1981); *See, In re Holi-Penn, Inc.*, 535 F.2d

841, 844 (3rd Cir. 1976); *Janaf Shopping Center, Inc. v. Chase Manhattan Bank*, 282 F.2d 211, 214–15 (4th Cir. 1960).

Carla and Jaryn further contend, however, that this case should be dismissed because the Debtors cannot propose a plan which has a reasonable possibility of confirmation, relying on *In re Dutch Flat Investment Co.*, 6 B.R. 470 (Bkrtcy.N.D.Cal.1980). The facts of that case, however, readily distinguish it from the instant case. In *Dutch Flat*, the debtor corporations were organized immediately prior to filing a Chapter 11 petition for the sole purpose of commencing proceedings to forestall their secured creditor. Those debtors had no on-going business, no employees and no real unsecured creditors. Such is not the situation in the instant case, where the evidentiary record reflects that these Debtors are a going concern, established long prior to these proceedings, generating a small operating profit. The uncontroverted testimony of the Debtors' principal further establishes that he has negotiated an arrangement satisfactory to the Debtors' trade creditors and that he intends to file a timely plan and disclosure statement. Against this background, it is simply premature for this Court to determine at this time that there is no reasonable likelihood of rehabilitation. Accordingly, this Court will deny the application of Carla and Jaryn to convert or dismiss these Chapter 11 proceedings without prejudice to their filing a renewed application at such time as the facts and circumstances might warrant.