**In re EARTH SERVICES, INC., Debtor.**

**Bankruptcy No. 81–00162.**

United States Bankruptcy Court,
D. Vermont.

Feb. 2, 1983.

---

Charles C. Chamberlain, Randolph, Vt., for David P. deRham, petitioner.

Alan P. Biederman, and Alan R. Medor, Rutland, Vt., for debtor.

MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Petition of David P. deRham, a creditor and shareholder, for Conversion of this

---

Chapter 11 Proceeding to Chapter 7 liquidation came on for continued hearing.

The Application of deRham is predicated on § 1112(b) under which the Court may convert a case from Chapter 11 to Chapter 7 liquidation for cause including a number of specific grounds. However, the Petitioner relies on sub-paragraph (1) and sub-paragraph (7) of § 1112(b) which provide that a case may be converted for continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation or the inability to effectuate substantial consummation of a confirmed plan. In addition, the Petitioner questions the good faith of the Debtor in filing a Chapter 11 for reorganization.

There was no testimony adduced at the hearing but the Petitioner represented to the Court that he was relying on documents which had been admitted in evidence. These included financial statements for the periods ending June 30, 1981; November 30, 1981; and March 31, 1982.

The Petitioner alleges that the Debtor has shown no profit since 1979 after which it has reported losses in excess of $233,000.00; that in 1980 it suffered a loss of $76,171.17; that in 1981 it had a total loss of $138,873.00; that for the first quarter of 1982 it had a net loss of $10,605.79.

The Petition for Relief in this case was filed on August 6, 1981 and had the Debtor not suffered losses prior to that date it is very unlikely that it would be filing its Petition for a Chapter 11 Reorganization. If the Court is to give any consideration to the Petitioner's request for conversion to a Chapter 7 liquidation, the applicant must establish a continuing loss to or diminution of the estate from the date of the filing of the Petition.

As a matter of fact, the Profit and Loss Statement attached to the Disclosure Statement dated January 26, 1982 shows a gross profit of $29,626.44 for the latest two months prior to that date. The Statement of Operations for the quarter ending March 31, 1982 shows a gross profit of $19,495.00 and a net income of $10,605.79.

The Petitioner also argues that there has been a depletion of assets and it would appear on the surface that his position might be justified. However, in the Statement of Assets and Liabilities as of November 30, 1981 the value of the inventory was stated at $60,000.00 and land, buildings and improvements were appraised at $145,000.00. It is also noted that the value of other assets such as cash, machinery, equipment, fixtures and vehicles were put in the statement in round figures. As a result, this statement of November 30, 1981 would not appear to be accurate. On the other hand in the valuation of assets and liabilities as of March 31, 1982 the inventory was valued at $131,507.42. Likewise, there is also a substantial change in the values given for the fixed assets.

However, there appears to be an increase as of March 31, 1982 of about $15,000.00 in the value of the assets as against November 30, 1981. Part of this increase is attributable to the inventory figures shown as $60,000.00 in the statement of November 30, 1981 and $131,507.42 in the financial statement for March 31, 1982.

The Debtor has attempted to explain away the discrepancy by representing that the valuation of $60,000.00 for November 30, 1981 was liquidation value as against market or fair value of the inventory in the figure of $131,507.42 appearing in the statement of March 31, 1982.

The Petitioner has complained that the Debtor has presented unaudited statements and this appears to be a fact. Be that as it may, the Court is not convinced that on the basis of the statements furnished by the Debtor which are attached to the Disclosure Statement it has been established that there has been a continuing diminution of the Debtor's estate.

The Petitioner also contends that there is not a reasonable likelihood of rehabilitation and that the Debtor is unable to effectuate a substantial consummation of a confirmed plan. His position is in part based on the allegation that the Factory Point National Bank which holds mortgages on the real estate of the Debtor situated in Manchester

Center and Pawlet, Vermont with an indebtedness of $174,118.28 is threatening foreclosure. As a matter of fact, this secured creditor has not taken any steps to request a relief from stay as required by the Bankruptcy Code so that it may proceed with foreclosure. It is also noted that, as of now, it appears to be cooperating with the Debtor and the Debtor has proposed to turn over to the Bank certain fixed assets in reduction of the secured indebtedness so that it can reduce the expense of operation and thereby make its business more profitable. This has been resisted by the Petitioner.

The Petitioner has also questioned the good faith of the Debtor in filing its Chapter 11 Petition. Although good faith is not specifically included under § 1112(b) of the Bankruptcy Code as a cause for converting the Chapter 11 proceeding to Chapter 7 liquidation, it has been recognized as such by this Court as well as those in other jurisdictions. *In Re Weatersfield Farms, Inc.,* 14 B.R. 574, 5 CBC 2d 312 (Bkrtcy.Vt., 1981), affirmed (U.S. District Court Vt. 1981) 15 B.R. 282, 5 CBC 2d 315. See also *In re G–2 Realty Trust,* 6 B.R. 549, 2 CBC 2d Series 1344 (Bkrtcy.Mass., 1980), *In re Tolco Properties, Inc.,* 6 B.R. 482, 3 CBC 2d Series 100 (Bkrtcy.Va., 1980).

It is elementary that the Petitioner has the burden to establish the grounds for converting this proceeding to a Chapter 11 liquidation and from the record in this case the Court is convinced that the applicant has not sustained his burden. To be sure, the Debtor has submitted unaudited financial statements, but this in itself is not cause for conversion. The Debtor is not expected to keep a "perfect" set of books and records. *In re Lamor Estates, Inc., Medaf Holding Corp.,* 3 CBC 2d 218 (Bkrtcy.N.Y., 1980), 6 B.R. 933. Further, the Debtor has exhibited a spirit of cooperation in that it has been willing and still is willing to make all of the records which it has available to the Petitioner. If the Applicant took advantage of this opportunity it might be in a position to establish that there has been a continuing loss to or diminution of the Debtor's estate. It has this burden and its proof is not limited to the financial statements which it has been furnished by the Debtor.

At this stage of the proceeding there is no basis for determining that the Debtor is unable to effectuate a substantial consummation of a confirmed plan. The Court is also convinced that the Debtor did in fact file its Petition for Relief in good faith. However, the Petitioner did request the Court to withhold approval of the Disclosure Statement until the Debtor has furnished a verified inventory which represents the bulk of the Debtor's current assets. The Petitioner is entitled to this information. In addition the Debtor has failed to file monthly financial reports as required by Bankruptcy Rule 11–30. There must be compliance with this Rule so that the Petitioner will be in a better position to determine whether the Debtor is actually operating at a profit or is in fact depleting the inventory and thereby permitting it to continue in business. With a verified inventory and the monthly financial reports required by Rule 11–30 it may be that the Petitioner will be able to establish a cause for converting the proceeding to a Chapter 7 liquidation.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The Debtor shall file with the Court with a copy to the Petitioner a verified inventory within 30 days from the date of this Order.

2. The Debtor shall prepare and file with the Court the monthly financial reports required by Rule 11–30 within 30 days from the date of this Order.

3. The Petitioner may, after the filing of the foregoing, if it deems that it can establish cause under § 1112(b) of the Bankruptcy Code, file another application for conversion of this proceeding from Chapter 11 to Chapter 7 liquidation.

4. The Petition of David F. deRham for conversion filed April 1, 1982 is hereby DISMISSED WITHOUT PREJUDICE.