**In re D & F MEAT CORP., Debtor.**

**Bankruptcy No. 86 B 20230.**

United States Bankruptcy Court,
S.D. New York.

Dec. 15, 1986.

Harold Jones, New York City, U.S. Trustee; Eric Small, of counsel.

Raucher, Ehrlich & Laracuente, P.C., New York City, for debtor.

Finkel, Goldstein & Berzow, New York City, for petitioning creditors.

DECISION ON MOTION FOR AN ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7, OR IN THE ALTERNATIVE DISMISSING CHAPTER 11

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The United States trustee has moved for an order pursuant to 11 U.S.C. § 1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, for an order of dismissal.

The debtor, D & F Meat Corp., originally owned and operated a retail supermarket in Yonkers, New York. On April 5, 1986, it suffered a severe fire which closed down its business. On May 15, 1986, an involuntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code was filed against the debtor. The debtor then converted the case to a Chapter 11 reorganization pursuant to 11 U.S.C. § 706(a). Some time thereafter a second fire occurred on the debtor's closed premises which totally cremated any surviving corpus of this estate. Curiously, there is nothing in the court's file to reflect that a second fire occurred or that the debtor in possession notified anyone as to this fire until the hearing on this motion. The debtor's only remaining asset is an insurance claim in excess of $550,000 based upon its fire insurance policy, which the insurance company refuses to pay because of a suspicion of arson. In view of the fact that the debtor is not operating any business it has not filed any monthly reports of operations. The principals of the debtor have offered to fund all expenses entailed in prosecuting the insurance claim, including the commencement of litigation and the retention of expert witnesses.

The creditors' committee joins with the debtor in resisting the United States trustee's motion because they believe that if the insurance claim is prosecuted successfully they might be paid in full. The debtor opposes the United States trustee's motion because of the belief that a full recovery under the insurance policy will produce funds substantially in excess of all the claims in this case and that such excess will redound to the debtor's benefit.

## DISCUSSION

■ A motion to convert or dismiss a Chapter 11 case for cause is governed by 11 U.S.C. § 1112(b), which delineates ten nonexclusive statutory factors that should be considered, including a continuing loss or diminution of the estate and absence of a reasonable likelihood of rehabilitation. It is settled law that the burden of establishing cause for dismissal or conversion to Chapter 7 rests squarely on the party seeking such relief. *In re Photo Promotion Associates, Inc.*, 47 B.R. 454, 458, 12 B.C.D. 1121, 1123–1124 (Bankr.S.D.N.Y. 1985); *In re Economy Cab & Tool Company, Inc.*, 44 B.R. 721 (Bankr.D.Minn.1984); *In re Route 202 Corporation*, 37 B.R. 367, 374 (Bankr.E.D.Pa.1984); *In re Earth Services, Inc.*, 27 B.R. 698, 700 (Bankr.D.Vt. 1983); *In re Karl A. Neise, Inc.*, 16 B.R. 602, 603 (Bankr.S.D.Fla.1981). A party moving pursuant to 11 U.S.C. § 1112(b)(1) must therefore meet both prongs of the twofold test, namely, continuing loss to, or diminution of, the estate and absence of a reasonable likelihood of rehabilitation. *In re Photo Promotion Associates, Inc.*, 47 B.R. at 458, 12 B.C.D. at 1124; *In re Powell Brothers Ice Company*, 37 B.R. 104, 107 (Bankr.D.Kan.1984); *In re Tracey Service Company, Inc.*, 17 B.R. 405, 409 (Bankr.E.D.Pa.1982); *In re E. Paul Kovacs and Company, Inc.*, 16 B.R. 203, 205 (Bankr.D.Conn.1981); *In re Steak Loft of Oakdale, Inc.*, 10 B.R. 182, 185 (Bankr.E.D. N.Y.1981); *In re Alves Photo Service, Inc.*, 6 B.R. 690, 693 (Bankr.D.Mass.1980).

■ In this case there is no question that there was a diminution of this estate after the post-petition second fire destroyed any remaining business assets and fixtures that might have been of value to the debtor and its estate. Moreover, there is an absence of a reasonable likelihood of a rehabilitation. The term "rehabilitation" has been held to mean more than a "reorganization" under Chapter 11 because a plan of reorga-

nization may now include a complete liquidation of a debtor's assets pursuant to 11 U.S.C. § 1123(b)(4). Rehabilitation within the meaning of 11 U.S.C. § 1112(b)(1) has been defined to mean that the debtor would be reestablished on a firm, sound basis. *In re Wright Air Lines, Inc.*, 51 B.R. 96, 100 (Bankr.N.D.Ohio 1985); *In re E. Paul Kovacs and Company, Inc.*, 16 B.R. 203, 206 (Bankr.D.Conn.1981); *In re Tolco Properties, Inc.*, 6 B.R. 482, 488 (Bankr.E.D.Va. 1980). Indeed, even if the concept of liquidation were to be considered for purposes of sustaining this Chapter 11 case, there are no assets to be liquidated. All that exists is a disputed fire insurance claim which the debtor would like to attempt to collect.

There is no assurance that this debtor could make a phoenix-like emergence from its ashes even if it were to succeed in its claim against the insurance company. The debtor was in financial distress even before its second burning; according to its Chapter 11 schedules it owed three months rent to its landlord and judgments had been filed against it by creditors. The debtor would like to pursue the fire loss claim so that it might pay its creditors and distribute the balance of the insurance proceeds to its principals. The pursuit of a questionable claim, and the absence of any business or other assets will not support the continuance of this case in a Chapter 11 reorganization mode. As stated by Judge Paskay in *In re Golden Ocala Partnership*, 50 B.R. 552, 557 (Bankr.M.D.Fla.1985):

> As noted, Golden conducts no business of any sort. It has no employees, it does not sell or buy anything or render any service to anyone. It has no assets of any kind except its claim, validity of which is questionable, of a fraudulent transfer of the land once owned by Golden and now owned by the Reagin Group. The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. *See, In re Dolton Lodge Trust No. 35188*, 22 B.R. 918, 922 (Bankr.N.D.Ill.1982). "[I]f there is not a

potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its *raison d'etre....*" *In re Ironsides, Inc.*, 34 B.R. 337, 339 (Bankr.W.D.Ky.1983).

An independent trustee is needed in this case to pursue the fire insurance claim and to investigate the financial affairs of the debtor.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. The United States trustee has sustained his burden of establishing cause, within the meaning of 11 U.S.C. § 1112(b), for the conversion of this Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

3. There has been a diminution of this estate and there is an absence of a reasonable likelihood of rehabilitation within the meaning of 11 U.S.C. § 1112(b)(1).

4. The United States trustee's motion pursuant to 11 U.S.C. § 1112(b) is granted and the Chapter 11 case shall be converted to Chapter 7 of the Bankruptcy Code.

SETTLE ORDER on notice.