**In re WILKINS INVESTMENT GROUP, INC., Debtor–In–Possession.**

**Bankruptcy No. 5–93–01602.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

July 13, 1994.

---

case number 5–93–01602 (Wilkins Investment Group, Inc.).

The U.S. Trustee's arguments center around the "good faith" requirements of the filing of any Chapter Eleven case and the specific lack of good faith associated with the filing of this instant case.

■ This court has previously addressed the requirements of the filing of a bankruptcy petition in "good faith" in the case of *In re Selig,* No. 5–92–01484, slip op. (M.D.Pa. July 8, 1993). In the *Selig* case, this court set out the factors which bankruptcy courts tend to look to in an attempt to determine whether a particular bankruptcy case was filed in good faith. Those factors taken from the case of *In re Clinton Centrifuge, Inc.,* 72 B.R. 900 (Bkrtcy.E.D.Pa.1987) are as follows:

1. The debtor has few or no unsecured creditors.
2. There has been a previous bankruptcy petition by the debtor or a related entity.
3. The pre-petition conduct of the debtor has been improper.
4. The petition effectively allows the debtor to evade court orders.
5. There are few debts to non-moving creditors.
6. The petition was filed on the eve of foreclosure.
7. The foreclosed property is the sole or major asset of the debtor.
8. The debtor has no ongoing business or employees.
9. There is no possibility of reorganization.
10. The debtor's income is not sufficient to operate.
11. There was no pressure from non-moving creditors.
12. Reorganization essentially involves the resolution of a two-party dispute.
13. A corporate debtor was formed and received title to its major assets immediately before the petition and
14. The debtor filed solely to create the automatic stay.

*Id.* at page 904.

Robert C. Nowalis, Wilkes–Barre, PA, for debtor.

Peter E. Meltzer, Philadelphia, PA, Atty. PNC Bank (Joinder on Motion).

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On January 18, 1994, the United States Trustee's Office filed a Motion to Dismiss the above-captioned Chapter Eleven case. The stated reasons for dismissal allege (1) a failure to file timely monthly reports pursuant to 11 U.S.C. § 704(8) which failure causes an inability of the Trustee to supervise the administration of the case as required by 28 U.S.C. § 586; (2) the unlikelihood of Debtor successfully prosecuting its case to confirmation of a Plan; (3) the existence of only one potential asset which has not been in the Debtor's possession for a period of over two years prior to the filing of the case; and (4) the absence of other debts other than a liability to the bank which foreclosed on said property. The U.S. Trustee alleges that there is no reason for this bankruptcy filing to proceed and that the case is "nothing more than a blatant example of forum shopping" and that the petition was filed in bad faith.

At the time of the hearing, which was consolidated with a Motion for Abstention in an adversary proceeding in this case, the parties presented to the court oral argument as to why the case should not be dismissed. The U.S. Trustee's Motion was joined by a creditor (PNC Bank) who foreclosed on certain commercial property which is subject to litigation between the Debtor and the Bank in state court. The U.S. Trustee and the Bank request this court to take judicial notice of the docket in both the adversary referenced above (Adversary No. 5–93–00189, Wilkins Investment Group, Inc. vs. PNC Bank, N.A., Northeast Pa.[p/d/b/a Northeastern Bank of Pennsylvania]) and the docket of the entire bankruptcy case at

The *Selig* opinion also sets forth definitions of good faith provided by *In re Clinton, supra* and the case of *Matter of Grieshop,* 63 B.R. 657, 662 (N.D.Ind.1986). The *Grieshop* court citing *In re Victory Construction Co.,* 9 B.R. 549 (Bkrtcy.C.D.Cal.1981) order vacated on other grounds, 37 B.R. 222 (9th Cir. BAP 1984) provided the following in its discussion of the purpose of the good faith requirement:

> The provisions of the Code dealing with rehabilitation and reorganization must be viewed as direct lineal descendants of a legal philosophy solidly embedded in American Bankruptcy law. Review and analysis ... disclose a common theme and objective: avoidance of the consequences of economic dismemberment and liquidation, and the preservation of ongoing values in a manner which does equity and is fair to rights and interests of the parties affected. But the perimeters of this potential mark the borderline between fulfillment and perversion.... That borderline is patrolled by courts of equity, armed with the doctrine of "good faith": the requirement that those who invoke the reorganization or rehabilitation provisions of the bankruptcy law must do so in a manner consistent with the aims and objectives of bankruptcy philosophy and policy—must, in short, do so in "good faith."

■ When presented with a Section 1112(b) motion, the movant has the burden of proof. See *In re Smith,* 77 B.R. 496 (Bkrtcy. E.D.Pa.1987) at page 499; *In re D & F Meat Corp.,* 68 B.R. 39 (Bkrtcy.S.D.N.Y.1986).

■ This court has reviewed all fourteen factors set forth above and has applied them to the evidence presented in this case. As in *Selig,* this court simply cannot find that the evidence presents a case where this court can rule that it was filed in bad faith. True, some of the fourteen elements have been shown to this court e.g., that there are few debts to non-moving creditors and that the Debtor has few or no unsecured creditors. Beyond that, however, the testimony and evidence in support is lacking. But, taking judicial notice of the record as requested by the U.S. Trustee and the Bank, this court notes that the Debtor, in January of 1994 and at the time of the review of this file, has failed to file any monthly reports as are required of this Debtor under the dictates of 11 U.S.C. §§ 704(8), 1106(a)(1) and 1107(a) and Federal Rule of Bankruptcy Procedure 2015(a)(3). Furthermore, this court, on September 13, 1993, five days after the filing of this petition, served upon the Debtor and its counsel an Order which, inter alia:

> **ORDERED** that during such operation and management, **said debtor-in-possession shall file with this Court within a month after the filing of the Petition under Chapter 11, and not later than the 15TH of each month thereafter, a written report of the financial condition of the estate, and** shall include a statement of the operation of the business for the preceding month and, if payments are made to employees, the amounts of deductions for withholding and social security taxes and the place where such amounts are deposited. Such monthly reports shall include a statement of (a) receipts from all sources, classified, and balance on hand at the beginning and at the end of the month, (b) disbursements for all purposes, classified, (c) the amount of indebtedness incurred and remaining unpaid and contractual and other obligations assumed, and (d) inventory on hand at the beginning of the month and inventory on hand at the end of the month; ...

This brings us back to 11 U.S.C. § 1112(b) (Conversion or dismissal) which enumerates a list of examples which can be considered cause to dismiss or convert a case. Nowhere does that list provide that the failure to file monthly reports is cause under that section. But, this list of ten examples is a non-exclusive listing. *Matter of Crosby,* 93 B.R. 798 (Bkrtcy.S.D.Ga.1988) and *In re Monsour Medical Center, Inc.,* 154 B.R. 201 (Bkrtcy. W.D.Pa.1993).

The failure to file operating reports constitutes cause for dismissal. See *Matter of Berryhill,* 127 B.R. 427 (Bkrtcy.N.D.Ind. 1991) citing *In re McClure,* 69 B.R. 282 (Bkrtcy.N.D.Ind.1987); *In re Chesmid Park Corp.,* 45 B.R. 153 (Bkrtcy.E.D.Va.1984); and *In re Modern Office Supply, Inc.,* 28 B.R. 943, 945 (Bkrtcy.W.D.Okl.1983). As the

*Berryhill* court wrote, "Timely and accurate financial disclosure is the life blood of the Chapter 11 process. Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something. They are the means by which creditors can monitor a debtor's post-petition operations." See *Matter of Berryhill, supra* at page 433 citing *In re Chesmid Park Corp., supra* at page 159. Likewise, this court must stress the importance of proper and timely disclosure of operating information submitted by the Debtor for the proper evaluation by the creditors of the estate. Therefore, this court hereby dismisses the instant Chapter Eleven case for Debtor's failure to file monthly operating reports.

This court, like the *Berryhill* court, is also faced with whether or not this case should be dismissed with any type of prejudice. The court looks to 11 U.S.C. § 109(g)(1) which, in essence, provides that should the case be dismissed for willful failure of the Debtor to abide by "orders of the court" or to appear before the court in proper prosecution of the case, the court can enter an order denying the Debtor from filing another bankruptcy case for one hundred eighty (180) days. The *Berryhill* court found that the debtors had demonstrated a plain indifference to their obligations and the court orders of that court and that their conduct leading up to the dismissal constituted a willful failure to abide by orders of the court. While the Debtor in the instant case has not set forth anything on the record to meet or address its failure to file monthly reports, the record also is quiet as to any "willfulness" on behalf of the Debtor to not file them other than the fact that they were not filed. Based upon the record in front of this court, we are not prepared to find that the non-filing of the reports in itself constitutes willfulness. The court will therefore dismiss the instant case without prejudice.