**In re MOMENTUM HOSPITALITY II, LLC, and Hospitality Management of Port Charlotte, Inc., Debtors.**

Nos. 9:09–bk–09557–ALP, 9:09–bk–09555–ALP.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

July 17, 2009.

Daniel R. Fogarty, Scott A. Stichter, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for Debtors.

***ORDER ON MOTIONS TO DISMISS CHAPTER 11 CASES***

(9:09–bk–09557–ALP Doc. No. 39 and 9:09–bk–09555–ALP Doc. No. 29)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration in the above-captioned jointly administered

Chapter 11 cases of Momentum Hospitality II, LLC (Momentum II) and Hospitality Management of Port Charlotte, Inc. (Hospitality Management) (collectively, the Debtors) are two Motions to Dismiss (9:09–bk–09557–ALP Doc. No. 39 and 9:09–bk–09555–ALP Doc. No. 29), filed by John and Linda Grother (the Grothers) on June 8, 2009. In addition to the foregoing, the Grothers also filed a Motion for Relief from Stay in the Chapter 11 case of Momentum II. (Doc. No. 31). In their Motions to Dismiss, the Grothers contend that the Voluntary Petition filed by the Debtors were unauthorized because Sarju Patel (S. Patel), the person who signed the Petition for the Debtors, lost his authority to act on behalf of both Debtors due to Momentum II's default, in violation of the Security and Stock Pledge Agreement, on January 25, 2009.

The record reflects that Momentum II, in their schedules, allege that they are the sole owner of the corporate stock of an operating entity known as Hotel Management which is the actual operator of a Hampton Inn Hotel located in Port Charlotte, Fl.

This Court has considered the Motions to Dismiss and the Motion for Relief from Stay, together with the Chapter 11 records of the Debtors, as well as, the submissions of the Grothers along with that those of the Debtors (collectively, the Parties) which were entered into evidence at the hearing held on June 30, 2009. The facts relevant to both the Motions to Dismiss and the Motion for Relief from Stay are as follows.

On January 25, 2006, the Grothers effectively sold the Hampton Inn Hotel to S. Patel through a sale of the Hospitality Management stock. In connection with the transactions, the Parties executed various documents including a promissory note in the amount of $4,006,357.52. Further-more, the Parties executed a mortgage which encumbered the property. On the same date, the Parties executed the Security and Stock Pledge Agreement. In connection with the Security and Stock Pledge Agreement, the original Stock Certificates were endorsed over to Kent B. Runnells, Esquire (Runnells) by Momentum II. Runnells held actual, physical possession of the Stock Certificates pursuant to the terms of the Security and Stock Pledge Agreement and the Assignment Separate from Certificate. It is alleged by the Grothers in their Motion for Relief from Stay, that the Assignment Separate from Certificate, executed by the Grothers and S. Patel, acting as the Managing Member for both Debtors, irrevocably appointed Runnells as the "attorney-in-fact" with authority to transfer the shares from S. Patel to the Grothers.

The pertinent part of the Motions is Section 9 of the Security and Stock Pledge Agreement (Momentum Exhibit 1(B)) which provides as follows:

"Beneficial Owner. Pledgor [Momentum II] and Pledgee [the Grothers] acknowledge that the Pledgor is the beneficial owner of the Pledged Shares, with all rights and privileges pertaining there to, including, but not limited to right to vote the pledged shares and shall remain so until Pledgee receives the Pledged Shares in accordance with this Agreement, if ever."

Section 9 of the Security and Stock Pledge Agreement.

Relying on Section 9 of the Security and Stock Pledge Agreement, the Grothers, through their attorney David M. Carr, Esquire (Carr), faxed a Notice of Default and Demand for Pledged Shares to Runnells on April 23, 2009. (Grothers Exhibit 6). On the same date, Runnells emailed a letter to Nilesh Patel, Esquire (N. Patel), who, pursuant to the Security and Stock

Pledge Agreement, was to be sent "all notices, demands, presentations, service or process, or communications" (Section 11 of the Security and Stock Pledge Agreement). In this letter, Runnells informed N. Patel that he had received a Notice of Default and attached a copy of the actual Notice of Default that Runnells received from Carr. (Grothers' Exhibit 7).

On April 24, 2009, Carr faxed and hand-delivered a Notice of Default to Momentum II and N. Patel and also mailed the same letter by certified mail/return receipt with the Notice of Default to S. Patel. (Grothers' Exhibit 5). In addition to the foregoing, on April 24, 2009, Runnells sent a copy of the Notice of Default letter to N. Patel by Federal Express. (Grothers' Exhibit 7).

The Grothers on April 28, 2009, faxed a Second Notice of Default and Demand for Pledged Shares to Runnells. (Grothers' Exhibit 7). On April 29, 2009, Runnells faxed Carr and copied N. Patel a letter stating that Runnells felt that the defaults alleged by the Grothers were insufficient to warrant immediate delivery of the stock and indicated that the appropriate day of delivery would be May 4, 2009. (Grothers' Exhibit 7).

On May 1, 2009, Carr faxed a letter and mailed the original to Runnells disagreeing with Runnells' position and made another demand for the release of the Pledged Shares. (Grothers' Exhibit 6). On the same date, Runnells faxed Carr a letter responding to Carr's fax that the five (5) day requirement was a moot point. (Grothers' Exhibit 7). Runnells further indicated that he would seek council as to whether Carr's opinion was reasonable with respect to the allegations of default and indicated that if Runnells' council agreed with Carr, that he would give the documents to Carr. (Grothers' Exhibit 7).

On May 5, 2009, Runnells released the Pledged Shares conveying ownership from Momentum II to the Grothers. (Grothers' Exhibit 1). The record is clear that, at the time of hearing the pledged shares were in fact in the physical possession of Grothers. (Grothers' Exhibit 1).

On May 8, 2009, S. Patel, acting as the Debtors' Managing Member signed the Chapter 11 Petition on behalf of both Momentum II and Hospitality Management. Although the Debtors did not file a responsive pleading to both Motions to Dismiss asserted by the Grothers, the Debtors through their council at the hearing on both Motions to Dismiss that the Grothers are merely secured creditors whose rights are governed by Article 9 of the Uniform Commercial Code as adopted by Fla. Stat. § 679.2011 (2008). Therefore, it is the contention of the Debtors that the Grothers are only entitled to be treated pursuant to the applicable provisions of Chapter 11 of the Bankruptcy Code as the Petitions were filed in good faith.

 It should be noted at the outset that given the rehabilitative nature of a bankruptcy a motion to dismiss is seldom accepted at the initial stage of a case filed under Chapter 11 of the Bankruptcy Code. It is well established law that "[t]he burden to establish grounds for conversion or dismissal under § 1112(b) is on the moving party." *In re Austin Ocala Ltd.*, 150 B.R. 279, 282 (Bkrtcy.M.D.Fla., 1993) citing *In re Macon Prestressed Concrete Co.*, 61 B.R. 432, 436 (Bankr.M.D.Ga.1986); and *In re Economy Cab & Tool Co.*, 44 B.R. 721, 724 (Bankr.Minn.1984); and *In re Karl A. Neise, Inc.*, 16 B.R. 602, 603 (Bankr.S.D.Fla.1981). "In addition, given the rehabilitative purpose of chapter 11, all doubts are to be resolved in favor of the debtor." *In re Austin Ocala Ltd.* at 282, citing *In re Macon Prestressed Concrete Co.*, 61 B.R. at 436. If under any theory

the party can prevail, the court may not dismiss the case as all doubts are resolved in favor of the debtor and the burden is on the moving party. *In re Austin Ocala Ltd.* at 282; *In re Macon Prestressed Concrete Co.* at 436; *In re Economy Cab & Tool Co.* at 724; and *In re Karl A. Neise, Inc.* at 603.

■ Based on the foregoing, this Court is satisfied that it is inappropriate for the Court to grant the relief sought by the Grothers' Motions to Dismiss at this time. This Court is convinced that the issues presented by the Motions would be better resolved by either summary judgment, pursuant to Fed.R.Civ.P. 56 as adopted by Fed. R. Bankr.P. 7056, or some other legal means.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss the Chapter 11 case of Momentum Hospitality II, LLC (9:09–bk–09557–ALP Doc. No. 39) be, and the same is hereby, denied without prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss the Chapter 11 case of Hospitality Management of Port Charlotte, Inc. (9:09–bk–09555–ALP Doc. No. 29) be, and the same is hereby, denied without prejudice.