CONSTRUCTIVIST FOUNDATION, INC.

v.

Leslie BONNER.

CIV.A. No. DKC 2000–1930.

United States District Court, D. Maryland.

Oct. 27, 2000.

Paula Fitzgerald Wolff, Potomac, MD, for appellant.

John A. Roberts, Venable, Baetjer & Howard, Baltimore, MD, for appellee.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This case is before the court on appeal from the order of Bankruptcy Judge L. Edward Friend II terminating the automatic stay in Appellant's, Constructivist Foundation, Inc., Chapter 7 bankruptcy case. Appellee has also filed a motion to have this appeal dismissed as moot. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012. For the reasons set forth below the court will grant Appellee's motion to dismiss this appeal as moot.

## I. *Background*

This case has a lengthy history because of numerous motions that have been filed during the past several years. For purposes of this appeal, however, the court need not detail here the long history of this case, and only facts pertinent to the issue of mootness with respect to this appeal follow.

Appellant is a private charitable foundation incorporated under the laws of Georgia. Appellee, Leslie Bonner, is trustee of Reliance Trust No. 1, which held a lien on property owned by Appellant. In 1996, Appellant executed a promissory note ("Note") in the amount of $500,721.85 in favor of Reliance. Pursuant to the Note, Appellant granted a properly recorded security interest in and a lien on the only significant piece of property it owned. When the Note became payable in full on December 31, 1996, Appellant failed to make any payments. Moreover, up until the time the property was sold to a third party on or about June 16, 2000, Appellant had failed to make any payments of princi-

pal or interest due under the Note. Paper no. 6 at 2, 7.

Appellant previously had filed two Chapter 11 bankruptcy cases, which were dismissed. Both these petitions were filed either on the eve or within a few days of foreclosure on and sale of the property. On or about May 1, 2000 Appellant again filed for bankruptcy, but this time under Chapter 7, and as before, one day before Appellee was slated to sell the property in a foreclosure sale.

In response to Appellant's third bankruptcy petition, Appellee filed a Motion for Relief from Automatic Stay and Request for Emergency Hearing. The hearing took place on May 2 before Judge Friend. Counsel for Appellant appeared via telephone. After carefully considering all the evidence before him, Judge Friend granted the motion, terminating the automatic stay and allowing Appellee to proceed with its foreclosure sale. In an order dated May 11, Judge Friend clarified that the stay termination was effective as of May 2. Paper no. 6, Appellee's exhibit G. Appellee, the mortgagee, foreclosed on, bid on and bought the property on May 2, immediately after the hearing. It subsequently sold the property to a third party on or about June 16.[1]

Appellant moved for a stay of the termination of the automatic stay pending appeal, which the bankruptcy court denied by an order entered June 5, 2000. Appellant then moved to dismiss its own Chapter 7 bankruptcy case on June 15. Paper no. 6, Appellee's exhibit J. On June 23, the bankruptcy court dismissed the case with prejudice because Appellant failed to file its statement of Financial Affairs and certain schedules, which the court had ordered it to do. In its motion to dismiss, Appellant stated that it had no intention of filing either of these items.

In a letter dated July 5, 2000 counsel for Appellee suggested that this appeal was moot as the underlying bankruptcy case

---

**1.** Appellants point out that the "third party" to whom Appellee sold the property consists of family members of both the beneficiaries of

Reliance Trust and Hugh S. Hunt, who founded Constructivist Foundation. Paper no. 11 at 5–6.

had been dismissed. Paper no. 6, Appellee's exhibit L. A subsequent letter from Appellee's counsel to Appellant's counsel dated July 11, 2000 suggested the parties work together to have this appeal dismissed as moot. *Id.*, exhibit N. On July 17, this court entered an order to show cause why the appeal should not be dismissed for failure of Appellant to file a brief in a timely manner. Paper no. 3. Appellant responded that it had not received "official" notice that the appeal had been docketed.[2] Paper no. 4. Nevertheless, counsel for Appellant was on notice that the appeal had been docketed as Appellee's July 5 letter, which Appellant acknowledged receiving, stated as much.

Appellee filed a motion to dismiss this appeal as moot on August 14, 2000. Appellant filed its motion and memorandum in support of its appeal on the merits on August 15. Appellee filed its opposition to the appeal on the merits on September 6. Finally, Appellant filed its opposition motion to dismiss the appeal as moot on September 11.

## II. *Standard of Review*

■■■ "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 120 S.Ct. 1382, 1390, 146 L.Ed.2d 265 (2000) (citation omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983) (citation omitted). To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Id.* (citation omitted).

## III. *Analysis*

■■■ Appellee asserts that the foreclosure sale of the property mooted Appel-

lant's appeal of the order terminating the automatic stay. The court agrees.

> To the extent the stay is terminated by the court as to a particular creditor, that creditor may proceed to collect on his or her debt. Even if the an appeal is filed, the creditor may proceed. ***Furthermore, if the collection process results in a sale of the property, the appeal becomes moot ... The only way the debtor can avoid this situation is to obtain a stay pending appeal.***

*In re Strawberry Square Associates*, 152 B.R. 699, 701 (Bankr.E.D.N.Y.1993) (citation omitted) (emphasis added).

The bankruptcy court terminated the § 362(a) automatic stay in the case on May 2. Further, at Appellee's request, the court issued an order, explaining that the May 2 ruling was effective as of that date. Appellant moved for a stay pending appeal, which was denied, but never sought emergency relief from this court. Appellee subsequently sold the property. Thus, this appeal is moot.

■■■ Moreover, the court agrees with Appellee that when Appellant's Chapter 7 case was dismissed, Appellant lost the protections granted by the automatic stay. 11 U.S.C. § 349(b)(3) (historical and statutory notes) ("The basic purpose of the subsection [relating to the effects of a dismissal] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."); *see In re Weathersfield Farms, Inc.*, 34 B.R. 435, 439 (Bankr.D.Vt.1983) (holding that absent an order staying dismissal pending appeal, once a case is dismissed, then the automatic stay under § 362(a) terminates); *see also Stith v. Bankers Trust Co. of California*, 139 F.3d 892 (4th Cir.1998) (unpublished table decision) (citing this proposition from *Weathersfield Farms* with approval). The bankruptcy

---

**2.** Other reasons Appellant stated for its failure to file a timely brief included illness of its

counsel and the Chapter 7 property owner.

court dismissed this case because Appellant failed to comply with certain filing procedures.[3] Indeed, Appellant stated in its motion to dismiss its own bankruptcy case that it had no intention of filing the schedule or financial statements although the bankruptcy court had directed it to do so. With no stay in place, the property revested in Appellee, which was set to foreclose on it before Appellant filed its Chapter 7 petition. 11 U.S.C. § 349(b)(3). Thus, Appellee had a right to foreclose on the property and sell it to whomever it desired once the case was dismissed.[4] Once the property was sold, Appellant's challenge to the bankruptcy court's ruling to terminate the automatic stay became moot.

## IV. Conclusion

For the foregoing reasons, the court shall DISMISS this appeal as moot.

---

3. Appellant asserts that although it filed a motion to dismiss its own case, the dismissal was not "voluntary." Paper no. 11 at 7. As explained in the text of this opinion, however, whether the dismissal was "voluntary" has no bearing on the disposition of this case.

4. Appellants assert without support that because the "third party" who purchased the property on June 16 included family members of the trust beneficiaries, the sale should be rescinded. Appellants have presented no evidence, however, that either the May 2 or June 16 sales were conducted in bad faith.