In re Shirley FOREMAN.

Shirley Foreman

v.

Curtis L. Martin.

Civ.A. No. DKC 2001–2801.

United States District Court, D. Maryland.

May 22, 2002.

Adrian P. Ifill, Washington, DC, for appellant.

Bradford Scott Bernstein, Miles and Stockbridge, Rockville, MD, for appellee.

## MEMORANDUM OPINION

CHASANOW, District Judge.

This case is before the court on appeal from the Order of United States Bankruptcy Judge Duncan Keir granting relief from the automatic stay to allow for the eviction of Appellant Shirley Foreman from premises owned by Appellee Curtis L. Martin. Presently pending and ready for resolution are 1) the motion by Appellee to dismiss the appeal as moot in light of Appellant's eviction, and 2) the motion of Appellant for an order directing Appellee's attorney to show cause why he should not be held in contempt of court. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012. For reasons that follow, the court will grant Appellee's motion to dismiss and deny Appellant's motion for contempt.

## I. Background

The following facts are undisputed or are those of which the court is permitted to take judicial notice. On June 6, 2001, Appellant Shirley Foreman filed a voluntary petition with the Bankruptcy Court for relief under Chapter 13 of the United States Bankruptcy Code. On June 29, 2001, Appellee Curtis L. Martin filed a motion for relief from the automatic stay seeking to enforce a December 14, 1999, Consent Order, a June 26, 2000, Amended Order, and a June 7, 2001, Order entered by the Circuit Court for Montgomery County requiring the eviction of Appellant, her spouse and their mobile home from Appellee's property at 18715 Brooke Road in Sandy Spring, Maryland.

After a hearing on August 10, 2001, the bankruptcy court entered an order on August 21, 2001, determining that the automatic stay did not apply pursuant to 11 U.S.C. § 362(b)(4) because the three state court orders arose from actions by a governmental unit to enforce its police and regulatory powers. Further, the bankruptcy court found that relief from the automatic stay was also proper pursuant to 11 U.S.C. § 362(d)(2) because Appellant did not have any interest in the premises as defined in the state court orders and so those premises were not necessary for an effective reorganization. Finally, Judge Keir's order stated that the eviction could proceed pursuant to the state court orders.

The bankruptcy court denied Appellant's motion to reconsider the order lifting the automatic stay and her first motion to stay the order pending appeal on August 23, 2001. Subsequently, on August 28, 2001, Appellant filed an appeal from the August 21, 2001, order lifting the automatic stay and also filed another motion in the bankruptcy court to stay the order pending appeal, seeking to prevent her eviction while she sought to have the automatic stay reinstated on appeal.

On September 7, 2001, after a bankruptcy court hearing, Judge Keir denied Ap-

pellant's motion to stay the order in open court, as specified in a written order entered September 20, 2001. On September 12, 2001, after the denial of Appellant's motion to stay the Order pending appeal in open court but before the written order was entered, Appellant and her spouse were evicted from the Brook Road property. The case was dismissed by the bankruptcy court on October 16, 2001, after Appellant failed to attend a Creditors' meeting and failed to respond to a motion to dismiss by the Trustee.

Appellee moves to dismiss Appellant's appeal of the August 21 Order lifting the automatic stay on the grounds that 1) the appeal was rendered moot when Appellant failed to gain a stay pending appeal and was evicted, and 2) Appellant failed to comply with Fed.R.Bankr.P. 8006 and Local Rule 403 by failing to designate items to be included in the record on appeal.[1] Appellant responds by contending that she was evicted before the order was entered denying the stay pending appeal and the eviction was wrongful. Further, Appellant argues that, despite the eviction, partial relief is still possible because she is required by the state court orders to pay the cost of the demolition of her home and reinstating the automatic stay would prevent the enforcement of that part of the judgment. Finally, Appellant moves that Appellee's attorney should be directed to show cause as to why he should not be held in contempt for allegedly evicting Appellant while Appellant's motion to stay the order pending appeal was still before the bankruptcy court.

## II. Standard of Review

 " '[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *City of Erie v. Pap's A.M.*, 529 U.S. 277, 120 S.Ct. 1382, 1390, 146 L.Ed.2d 265 (2000) (citation omitted). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983) (citation omitted). To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Id.* (citation omitted).

## III. Analysis

 Appellee asserts that the eviction of Appellant from the property mooted Appellant's appeal of the order lifting the automatic stay. The court agrees.

> To the extent the stay is terminated by the court as to a particular creditor, that creditor may proceed to collect on his or her debt. Even if the an appeal is filed, the creditor may proceed. ***Furthermore, if the collection process results in a sale of the property, the appeal becomes moot ... The only way the debtor can avoid this situation is to obtain a stay pending appeal.***

*In re Strawberry Square Associates*, 152 B.R. 699, 701 (Bankr.E.D.N:Y.1993) (citation omitted) (emphasis added); *see. also Constructivist Foundation, Inc. v. Bonner*, 254 B.R. 863, 865 (D.Md.2000).

Appellant argues that she was improperly evicted while an automatic stay of the order was in place pursuant to her filing of a motion to stay the order pending appeal. Further, Appellant contends that the bankruptcy court had not yet rejected her

---

1. The second ground for dismissal, failure to designate items for the record, is moot in light of this court's October 12, 2001, Order granting Appellant's motion for leave to file the statement of issues out of time and designation of a record out of time.

motion to stay the order at the time her eviction took place.

The bankruptcy court granted relief from the § 362(a) automatic stay on August 21, 2001. Appellant was not evicted from the property until September 12, 2001, purportedly pursuant to the bankruptcy court's order which allowed the Montgomery County Sheriff's Department to enforce the state court orders. While Judge Keir denied the motion in open court after a hearing on September 7, 2001, the order was not entered until September 20, 2001, after the eviction, giving rise to Appellant's contention that she was improperly evicted while a stay was still in place. However, this court will not address Appellant's contentions because her appeal of the bankruptcy court's decision to lift the automatic stay, the only appeal presently before the court, was rendered moot by Appellant's eviction.

Appellant argues that even though the eviction went forward, there is still the possibility for partial relief from the state court judgments because, pursuant to the eviction, she is responsible for the cost of demolition stemming from the consent order entered into on December 14, 1999. *See In re Envirodyne Indus.*, 29 F.3d 301 (7th Cir.1994) (a case is not moot if partial relief is still available), *citing Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). The only issue before this court is the order lifting the automatic stay, which permitted the eviction to go forward. In light of the subsequent dismissal of her case on October 17, 2001, there remains no possibility of even partial relief. Appellant never sought emergency relief from this court and, in light of the fact that the bankruptcy court rejected her motion for a stay pending appeal and subsequently dismissed her case, the court shall dismiss the appeal as moot.

## IV. Motion for contempt

Appellant argues that Appellee's attorney should be directed to show cause why he should not be held in contempt for allegedly violating the automatic stay by proceeding with the eviction of Appellant before the bankruptcy court ruled on her second motion to stay the order pending appeal. However, only Appellant's appeal of the bankruptcy court's order lifting the automatic stay is properly before this court, and the motion for sanctions pursuant to 11 U.S.C. § 362(h) is not. Accordingly, Appellant's motion for a show cause order will be denied.

## IV. Conclusion

For the foregoing reasons, Appellee's motion to dismiss the appeal will be granted and Appellant's motion for a show cause order will be denied. A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ____ day of May, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion of Appellee Curtis L. Martin to dismiss as moot Appellant Shirley Foreman's appeal of a Bankruptcy Court Order granting relief from the automatic stay BE, and the same hereby IS, GRANTED;

2. The appeal BE, and the same hereby IS, DISMISSED;

3. The motion of Appellant for the court to direct Appellee's attorney to show cause why he should not be held in contempt of court BE, and the same hereby IS, DENIED; and

4. The Clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties and close this case.